Tammy J. KAUFMAN and Gary L. Kaufman, Plaintiffs-Respondents,

LUMBERMENS MUTUAL CASUALTY COMPANY and United Health Care of Utah, Inc., Involuntary-Plaintiffs,

v.

Donald E. POSTLE and Tower Insurance Company, Inc., Defendants-Appellants.

Court of Appeals

*No. 00–1326. Submitted on briefs November 7, 2000.—Decided March 22, 2001.*

**2001 WI App 86**

(Also reported in 626 N.W.2d 10.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Daniel A. Enright* of *Wilcox, Wilcox, Enright, Hallstein, McMahon & Adler, LLC* of Eau Claire.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Thomas E. Lister* of *Thomas E. Lister, S.C.* of Black River Falls.

Before Vergeront, Roggensack, and Deininger, JJ.

¶ 1. ROGGENSACK, J. Donald E. Postle appeals a circuit court judgment that held him liable for damages caused by his negligence. He argues that the circuit court erroneously instructed the jury that a driver may not pass on the right using any part of a road's shoulder. Because we conclude that the circuit court's instruction correctly stated the law, we affirm the judgment.

## BACKGROUND

¶ 2. This appeal arises from an automobile accident that occurred in rural Jackson County where Town Hall Road crosses State Highway 10. At this

47

intersection, Highway 10 is a two-lane road with paved shoulders. The intersection does not have a stop sign or traffic light on Highway 10. Tammy Kaufman was traveling west on State Highway 10, and, as she was turning right onto Town Hall Road, her car was struck by a van driven by Postle, who was driving on the right-hand shoulder in an attempt to pass her.

¶ 3.   Kaufman sued Postle, resulting in a trial to determine whether he had been negligent and whether he was a cause of the accident. Over Postle's objection, the circuit court instructed the jury that a driver·may not pass another vehicle on the right using any part of the road's shoulder. The jury determined that Postle was ninety percent negligent and Kaufman ten percent negligent. The circuit court entered judgment for Kaufman, and Postle appeals.

## DISCUSSION

### Standard of Review.

■

¶ 4.   Interpretation of a statute is a question of law, which we review *de novo. Ansani v. Cascade Mountain, Inc.*, 223 Wis. 2d 39, 45, 588 N.W.2d 321, 324 (Ct. App. 1998). However, the instruction of a jury is a discretionary decision of the circuit court. *Id.* "The trial court has broad discretion when instructing the jury." *Finley v. Culligan*, 201 Wis. 2d 611, 620, 548 N.W.2d 854, 858 (Ct. App. 1996). No grounds for reversal exist if the overall meaning communicated by the instructions was a correct statement of the law. *Id.*

**Jury Instructions.**

¶ 5.   Here, Postle claims error based on the following instruction which the circuit court gave to the jury:

> A safety statute provides: The operator of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety and only if the operator can do so without driving off the pavement or the main traveled portion of the roadway. A driver may not pass traffic on the right using any part of the road's shoulder. To do so is a violation of the Rules of the Road[1] section permitting motor vehicle operators to pass on the right only when such can be done without driving off the main traveled portion of the roadway.

Postle argues that the court erred in stating that a driver may not pass traffic on the right using any part of the road's shoulder. He contends that WIS. STAT. § 346.08 (1999–2000)[2] allows a driver to use the shoulder of a road to pass another vehicle on the right if the vehicle that is being passed is turning left[3] and the shoulder is paved.

¶ 6.   Formulating an appropriate jury instruction required the circuit court to interpret WIS. STAT.

---

[1] The legislature has denominated ch. 346 as the "Rules of the Road."

[2] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[3] Postle testified at trial that he believed Kaufman initially had on her left-turn signal, and that she switched it to the right-turn signal when it was too late for him to stop his attempted pass on the right.

§ 346.08, which describes how a driver may lawfully pass on the right. The parties agree that § 346.08 is central to their dispute, but each contends it has a different meaning. When we review the application of a statute whose meaning is in dispute, our efforts are directed at determining the legislative intent that underlies the statute. *Ansani*, 223 Wis. 2d at 48, 588 N.W.2d at 325.

■

¶ 7.    We first note that WIS. STAT. § 346.08 is a safety statute, designed to lessen the likelihood that accidents will occur when one vehicle is passing another on the right. *See Betchkal v. Willis*, 127 Wis. 2d 177, 184, 378 N.W.2d 684, 687 (1985) (citing *Walker v. Bignell*, 100 Wis. 2d 256, 268, 301 N.W.2d 447, 454 (1981)); WIS. STAT. § 346.17. Therefore, we interpret it in the manner that will best fulfill that legislative purpose.

¶ 8.    However, to review WIS. STAT. § 346.08, we must also examine several other statutory provisions that assist us in understanding the terms used in § 346.08. For example, "highway" is a term defined by statute as: "the entire width between the boundary lines of every way open to the use of the public as a matter of right for the purposes of vehicular travel." WISCONSIN STAT. § 340.01(22). A "roadway" is defined more narrowly than a highway. It is the "portion of a highway . . . ordinarily used for vehicular travel, excluding the berm or shoulder." Section 340.01(54). Additionally, a motorist must operate his vehicle on the right side of the *roadway*. WISCONSIN STAT. § 346.05(1). However, a bicycle may be operated off of the roadway because it is permissible to do so on the *shoulder of a highway*, unless specifically prohibited. Section 346.05(1m). Therefore, by statutory definition, "it is

apparent that under any circumstances" the shoulder is excluded from the term "roadway" in § 346.08. *Reyes v. Lawry*, 33 Wis. 2d 112, 119, 146 N.W.2d 510, 513–14 (1966).

¶ 9.   With the legislative purpose and the statutory definitions in mind, we examine WIS. STAT. § 346.08, which describes how passing on the right may be done lawfully. It provides in relevant part:

> **When overtaking and passing on the right permitted.** The operator of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety and only if the operator can do so without driving off the pavement or main-traveled portion  of  the road-way . . .
>
> **(1)**   When the vehicle overtaken is making or about to make a left turn . . . .

¶ 10.   We focus our attention, as have the parties, on the prepositional phrase "of the roadway." If it modifies both "pavement" and "main-traveled portion," then the shoulder may not be used for passing on the right because the shoulder is not part of a "roadway," according to the statutory definition and the supreme court's interpretation. WISCONSIN STAT. § 340.01(54); *Reyes*, 33 Wis. 2d at 119, 146 N.W.2d at 513.

■

¶ 11.   The legislature requires motorists to operate their vehicles on the right side of the *roadway*. WISCONSIN STAT. § 346.05(1). Additionally, when the legislature chose to authorize travel on the shoulder of a highway, it specifically said that it was permitted. Section 346.05(1m). Furthermore, ch. 346 applies to any roadway; therefore, the legislature intended WIS. STAT. § 346.08 to address when a driver may pass on the right on both paved and unpaved roadways. We

therefore conclude that the legislature used the terms "pavement" and "main-traveled portion" to describe when passing on the right may occur on both types of roadways. If the legislature had meant to permit passing on a paved shoulder as Postle contends, it would have said that travel on the shoulder was permissible as it did in § 346.05(1m) for bicycle operation. And finally, because § 346.08 is a safety statute, interpreting it to permit using the shoulder to pass on the right would increase the risk of accidents of the type that occurred here, a result contrary to the purpose of the legislature. Therefore, we conclude that the phrase "of the roadway" modifies both "pavement" and "main-traveled portion" when describing where a driver may lawfully pass on the right. Because a shoulder of a highway is never part of a roadway, *Reyes*, 33 Wis. 2d at 119, 146 N.W.2d at 513, we conclude that the circuit court was correct in instructing the jury that a driver may not pass on the right using any part of the shoulder.

¶ 12.   Postle also asks us to defer to a June 17, 1999 memorandum from an assistant general counsel of the Department of Transportation (DOT) to a staff member of DOT's Traffic Section that interprets WIS. STAT. § 346.08. However, these materials, which Postle uses to construct an additional argument for statutory interpretation, were not presented to the circuit court at the jury instruction conference. Therefore, we decline to consider them. *County of Columbia v. Bylewski*, 94 Wis. 2d 153, 171, 288 N.W.2d 129, 138–39 (1980). Accordingly, we affirm the judgment of the circuit court.

## CONCLUSION

¶ 13.  Because we conclude that the circuit court's instruction correctly stated the law, we affirm the judgment of the circuit court.

*By the Court.*—Judgment affirmed.