HIRAM C. BULL, Appellant,

*vs.*

SIDNEY K. SYKES, MARTHA SYKES, GILES OLIN, MALINDA OLIN, and ALEXANDER W. SHEPARD, Respondents.

APPEAL FROM WALWORTH CIRCUIT COURT.

A party in possession of land under a contract of purchase, who has paid part of the purchase money, and made valuable improvements thereon, has a mortgagable interest therein.

The assignee of a contract for the purchase of real estate who has notice of an outstanding mortgage, takes the same subject to the mortgage.

This was an action brought to foreclose a mortgage, executed by Sidney K. Sykes and Martha Sykes, two of the defendants, to secure the payment of $276 96. Process was served upon all the defendants. No appearance was made by any of the defendants, except Alexander W. Shepard. The complaint was in the following form :

The above named plaintiff respectfully shows to this court upon information and belief, that on or about the 18th day of November, 1855, at the town of Whitewater in said county, the defendant, Sidney K. Sykes, entered into a written contract with one Prosper Cravath, as special guardian of James Birge, and Charles Birge, infants, which said contract was in the words and figures following, that is to say : " This article of agreement, made and concluded this nineteenth day of November, one thousand eight hundred and fifty-five, by and between Prosper Cravath, of the town of Whitewater, as special guardian of James Birge and Charles Birge, infants, party of the first part, and Sidney K. Sykes, of the same town, party of the second part, witnesseth :

Vol. VII. 30

1. The said party of the second part hereby agrees and binds himself and his legal representatives, to pay or cause to be paid to the said party of the first part, the sum of one hundred dollars in the manner following, for said infants; ten dollars, at the ensealing and delivery hereof, the receipt of which is hereby confessed, and ninety dollars two years from date, with twelve per cent interest, to be paid annually. The said payments to be made to the said party of the first part in person, as the special guardian of said infants, and the same being intended to apply when fully completed, as the purchase money of the following tract, piece or parcel of land, situated in the town of Whitewater, Walworth county, and State of Wisconsin, and being lot six in block four of Birge's addition to the village of Whitewater. The said party of the second part further agrees and covenants that he will pay all taxes, special or general, which have been assessed on the above described premises since the first day of January, 1855, and also all such as may be hereafter assessed thereon, whenever such taxes shall become due and payable by law, until the aforesaid purchase money shall be fully paid, in the manner above stated, and also to hold said premises from the date hereof, as the tenant at sufferance of the said party of the first part, subject to be removed as a tenant holding over by process under the statute, in such case made and provided, whenever default shall be made in the payment of any of the instalments of purchase money above specified, and also to keep the buildings, fences and improvements on said premises in as good repair and condition as they now are, except ordinary wear and decay and damage by the elements.

2. The said party of the first part hereby agrees that in case the aforesaid sum of ninety dollars with the interest, shall be fully paid at the times and in the manner above specified, he will, on demand thereafter, cause to be executed and delivered to the said party of the second part, or his legal

representatives, a good and sufficient deed in the fee simple in the law, to convey all the title of the said infants of the premises above described, free and clear of all legal liens and encumbrances, except the taxes herein agreed to be paid by the said party of the second part. And the said party of the first part further agrees and covenants, as said guardian, to execute the deed above mentioned whenever the said party of the second part shall have punctually and fully complied with this agreement on his part, but it is distinctly agreed and understood, by and between the parties hereto, that if the said party of the second part shall fail to make any of the payments of the purchase money above specified, at the time and manner above specified, in such case this agreement shall be thenceforth utterly void, and all payments thereof forfeited, subject only to be revived and renewed by the act of the party of the first part, or the mutual agreement of both parties, this being subject to the approval of the circuit court of said county.

In testimony whereof, the said parties have hereunto set their hands and seals, the day and year first above written.

In presence of, &c. } PROSPER CRAVATH, [L. s.]
S. K. SYKES [L. s.]

1. And the plaintiff further shows upon information and belief, that the defendant, Sidney K. Sykes, for the purpose of securing the payment to H. C. Bull & Co., of the sum of one hundred dollars with interest thereon, on or about the 22d day of November, A. D. 1856, executed and delivered to the said H. C. Bull & Co., his promissory note in writing, wherein and whereby for value received he promised to pay to H. C. Bull & Co., or bearer, in three months after the date thereof, the sum of one hundred dollars, with interest thereon at the rate of twelve per cent. per annum, payable at the banking house of McDonell, Graham & Co., at Whitewater, Wisconsin.

2. And the plaintiff further shows to this court upon information and belief, that the said defendant, Sidney K. Sykes,

for the purpose of securing the payment to H. C. Bull & Co., the further sum of one hundred and seventy-six dollars and ninety-six cents, at the time last above stated, executed and delivered to the said H. C. Bull & Co., his other certain promissory note in writing, wherein and whereby, for value received he promised to pay to H. C. Bull & Co., or bearer, in six months after the date thereof, the further sum of one hundred and seventy-six dollars and ninety-six cents, with interest thereon at the rate of twelve per cent per annum, payable at the banking house of McDonell, Graham & Co., as aforesaid, and as collateral security for the payment of the said indebtedness, the said defendants, Sidney K. Sykes and Martha Sykes, on the same day executed, duly acknowledged, and delivered to the said Hiram C. Bull, a mortgage, whereby they granted, bargained and sold to the said Hiram C. Bull, his heirs or assigns, the following described premises, with the appurtenances, that is to say :    Lot six (6) in block four, (4) in Birge's addition to the village of Whitewater, in Walworth county, Wisconsin.    The same being the premises described in the aforesaid contract, upon the conditions that if the said Sidney K. Sykes, his heirs, executors, administrators or assigns, should well and truly pay, or cause to be paid to the said Hiram C. Bull, his heirs, executors, administrators or assigns, the sum of two hundred and seventy-six dollars and ninety-six cents, with interest at twelve per cent., according to the conditions of two certain promissory notes, executed by the said Sidney K. Sykes, to the said H. C, Bull & Co., and hereinbefore particularly described, then the said mortgage and the said notes shall cease and be null and void, and in case of the non-payment of the said sum, or any part thereof, at the time or times limited for the payment thereof, the said Hiram C. Bull, his heirs, executors, administrators or assigns, were empowered to sell the said mortgaged premises at public auction, or vendue, and to make and execute

to the purchaser, or purchasers thereof, good, ample and sufficient deeds of conveyance in the law, pursuant to the statute in such case made and provided, and out of the money arising from such sale, to retain the principal and interest which should then be due on the said notes and mortgage, together with the costs and charges of such sale, and the sum of thirty dollars solicitor's fees, the surplus, if any, to be returned to the said Sidney K. Sykes and Martha Sykes, their heirs, executors, administrators or assigns. And the said plaintiff further shows that the said mortgage was duly recorded in the office of the register of deeds, in the county of Walworth, on the 28th day of November, A. D. 1856, in volume nineteen of mortgages, on pages twenty-five and twenty-six. And the plaintiff further shows to this court, that at the time of the execution and delivery of the said notes and mortgage, the said Sidney K. Sykes and Martha Sykes, were in the actual possession of said lot under such agreement, and had before that time paid thereupon, and to the said Prosper Cravath, as such special guardian, the sum of twenty dollars and eighty cents, ($20 80) and that at the time of the executing of the said mortgage as aforesaid, the said Sidney K. Sykes had caused to be erected and constructed, on the said premises, and at his own cost and expense, a frame dwelling house; that other repairs and improvements had previous to that time been made and erected, on the said premises, by the said Sidney K. Sykes, and that the value of the said dwelling house and other improvements at the time last aforesaid, standing and being upon said premises, was and still is, five hundred dollars.

That on or about the 16th day of June, A. D. 1858, by a written indenture, under the hand and seal of the said Sidney K. Sykes, all the right, title and interest of the said Sidney K. Sykes, in and to the aforesaid agreement or contract, was duly assigned and transferred to the defendant, Alexan-

der W. Shepard. And the plaintiff further states to this court, that at the time of the execution and delivery of the assignment, of the said contract or agreement, from the said Sidney K. Sykes to the said Alexander W. Shepard, that the said Shepard had full notice of the existence of the said mortgage, and did then and there promise and agree to, and with the said Sidney K. Sykes, that in consideration of the assignment of said contract to the said Shepard, that he would thereafter pay and discharge the said mortgage of the plaintiff's, when the same should by its terms and conditions fall due, and payable, which the said Alexander W. Shepard has hitherto neglected, and still doth neglect and refuse to do. And the plaintiff further states, that the said Shepard, at the time of the execution and delivery of the assignment of said contract, had due and full notice and knowledge that said mortgage had been executed to the plaintiff after the building of said house and making of said improvements, as aforesaid. And the plaintiff further shows upon information and belief, that the said Alexander W. Shepard, on or before the 28th day of October, A. D. 1857, paid to the said Prosper Cravath, guardian as aforesaid, the balance of the purchase money and interest for said premises, and which became due and payable according to the terms and conditions of the aforesaid contract, and that on the said 28th day of October, the said Alexander W. Shepard, by virtue of the aforesaid contract, and assigned to him as aforesaid, demanded and received of the said Prosper Cravath, guardian as aforesaid, a good and sufficient deed in fee simple, in the law, of the above described premises.

And the said plaintiff further shows to this court, that the said defendants, Sidney K. Sykes and Martha Sykes, have failed to comply with the conditions of the said notes and mortgage, by omitting to pay the said one hundred dollars, note and interest, which became due and payable on the 22nd

day of February, A. D. 1857, and also the said one hundred seventy-six dollars and ninety-six cents, note and interest, which became due and payable on the 22nd day of May, A. D. 1857, and there is now justly due to the plaintiff upon said notes and mortgage, the sum of two hundred and seventy-six dollars and ninety-six cents, besides interest.

And the said plaintiff further shows to this court, that no proceedings have been had at law or otherwise, for the recovery of the said sum secured by said notes and mortgage, or any part thereof.

And the said plaintiff further shows to this court, upon information and belief, that the defendants Giles Olin, Malinda Olin, and Alexander W. Shepard, have or claim to have some interest in, or lien upon the said mortgaged premises, or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of the said mortgage. And the plaintiff further states that he is the lawful owner and holder of the said notes and mortgage, and that the same has not been paid, or any part thereof.

The plaintiff therefore prays for judgment.

To this complaint the defendant Shepard demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action.

On hearing, the demurrer was sustained, and the plaintiff appealed.

*Abbott & Clark*, for the appellant.

1. At the time of the execution of the mortgage in this case, by Sykes and wife to the appellant, Sykes was in possession of the land, under his contract with Cravath for the purchase, had paid ($20 80) on the contract, and had made permanent improvements to the value of $500, and therefore had, in his own right an eqitable interest to that amount, which was mortgageable. (Story's Eq. Juris., vol. 2, §10, 21 ;

*Att'y General vs. Piermont*, 5 Paige's Chan. R., 620; 1 Hill. on Mort., p. 4; *Parkist vs. Alexander*, 1 Johns. Ch. 394; *Johnson vs. Stagg*, 2 Johns, 510; *Berry vs. Mutual Ins. Co.*, 2 Johns. Ch. 603.

2. A special mortgage, although taken at the time when the mortgagor had no title, yet it attaches to it the instant the title is vested in the mortgagor, and will hold against subsequent purchasers. *Deschautes vs. Parkins*, 13 Mort. Law R., 547.)

The respondent, taking the assignment of Sykes' contract with full knowledge of appellant's mortgage, and obtaining his deed by virtue thereof, can claim no greater equities than Sykes could himself. A person who takes a conveyance of land with notice of a prior mortgage, is not a *bona fide* purchaser. *Dunham vs. Dey*, 15 J. R., 555. The respondent, obtaining his title through and by virtue of Sykes' contract, would be bound by whatever would conclude Sykes, and he would be estopped by his mortgage from denying the appellant's title. The respondent is therefore estopped by privity in law, with Sykes, from denying the appellant's title. *Jackson vs. Parkhurst*, 9 Wend. R., 209. And if Sykes had no legal title that he could mortgage at the time he executed the mortgage in this case, he did have an equitable interest of $500, which the respondent (to the extent of the appellant's mortgage, at least,) would be estopped from denying upon the ground that he was a *mala fide* purchaser.

The complaint charges notice on the part of Shephard, of the mortgage, at the time he took an assignment of the contract.

One in possession of lands by contract of purchase has an interest which is bound by a judgment. *Jackson vs. Parker*, 9 Cow. 73; *Kreiston vs. Avery*, 4 Paige, 9.

3. The allegation that the defendants, Sykes and wife, " executed, duly acknowledged and delivered a mortgage, whereby they granted, bargained and sold," etc., is clearly sufficient.

The execution of the mortgage, the bargain and sale, are all charged as facts, and when it is admitted that they bargained and sold, the presumption is that it was legally done. But if there was no legal title mortgaged in this case, but merely an equitable interest, then no witnesses to the execution of the mortgage is required in order to make the transfer valid.

4. The allegation in the complaint, that the respondent promised to pay and discharge the appellant's mortgage, is not relied upon as a promise upon which to ground a personal liability, but to strengthen the appellant's equities, and show the. extent of the respondent's knowledge in regard to the mortgage of the appellant, at the time he took the assignment of the contract.

5. The mortgagors in this case have assumed to mortgage the fee of the land, but whatever estate or interest less than a fee, was owned and held by them at the date of the mortgage, passed to the appellant absolutely. R. S. 326, § 4.

6. If the court below had not the power to decree a sale of the mortgaged premises absolutely, it should have ordered the respondent to pay the appellant's claim, and that order should. have been enforced the same as any other, when a court of chancery orders money paid into court. Such order would have been entirely consistent with the case made in the complaint, and under the general prayer for relief might have been granted, although not specially prayed for in the complaint, and although a different relief is asked for in the complaint. 1 Hoff. Chan. Prac , 48. Even a mistake in the special prayer of the bill, provided there be a general prayer for such other relief as the nature of the case may require, etc., will not deprive the party of that relief which the nature of the case entitles him to. *Bee vs. Bank of New York*, 1 J. R. 547: *Grimes vs. French*, 2 Atk., 141.

*Kellogg & Harkness,* for respondent.

1. The complaint does not state facts sufficient to show that any mortgage was executed. The averment that it was " executed " is a conclusion of law. The facts constituting the execution must be pleaded and not their legal effect. Code, § 47; *Bentley vs. Jones,* 4 How. Pr. R., 202; *Eno vs. Woodworth,* 4 Comstock, 249; *Russell vs. Clapp,* 7 Barb., 482. The complaint should allege that the mortgage was signed and sealed in the presence of two witnesses. R. S., chap. 59, § 8, p. 327.

2. The defendant, Sykes, at the time of the execution of the mortgage, was in possession of the premises under a contract for the purchase, upon which he had paid $20 80·100, of which sum but $10 was principal, and the mortgage of such an interest could acquire no lien which would subsist as against respondent. As a legal interest it could only be an estate at will or by sufferance and not the subject of a lien. R. S., chap. 55, § 1, p. 313, and § 5, p. 314. If the interest mortgaged be deemed on equity, it depended on an executory contract, was contingent in itself, and when the legal title and the equity met in one person, the equity merged. *Nicholson vs. Halsey,* 1 J. Ch. R., 417; *James vs. Johnson,* 6 J. Ch. R., 417. No benefit can arise by preventing a merger of the equity with the legal estate, for the benefit of the mortgagee, where the equity is not a tangible, subsisting interest, or term in the premises, and incapable of being operated upon by a decree without effecting the legal title, which was never mortgaged. Should a foreclosure be decreed, the respondent, were he not estopped by the decree, could oust the purchaser by ejectment, where the strongest title would prevail; and this should be the criterion as between a mortgagee attempting to foreclose, and a person claiming title, between whom and the mortgagee there is not such a privity as to create an estoppel.

3. There is no estoppel, and the title acquired by the respondent did not inure to the benefit of the mortgagee. The assignment of the contract by Sykes did not in fact convey any title; it only transferred the right to demand a conveyance upon the performance of certain conditions, and the respondent does not claim title through Sykes as an intermediate owner, but directly from the common source. If, however, from the peculiar circumstances of the case, the respondent be deemed to take through Sykes, still there is no foundation for an estoppel, as neither the assignment nor mortgage contains covenants of warranty. *Jackson vs. Wright*, 14 J. R., 193; *Tooley vs. Dibble*, 2 Hill, 641. An estoppel by acceptance of possession only applies to a person who is under obligation to restore possession before disputing his grantor's title. *Sparrow vs. Kingman*, 1 Comstock, 242 ; *Osterhout vs. Shoemaker*, 3 Hill, 513. There is no equitable estoppel. *Wendall vs. Van Rensselaer*, 1 J. Ch. R., 344 ; *Storrs vs Baker*, 6 do., 166 ; 7 Barb., 407; 5 J. Ch. R., 184. There can be no estoppel for want of mutuality. The assignment of the contract would not estop Sykes from setting up a subsequently acquired title against the respondent, nor would the plaintiff be estopped. *Lansing vs. Montgomery*, 2 J. R., 382 ; *Baker vs. Martin*, 3 Barb., 634 ; *Averill vs. Wilson*, 4 do., 180 ; *Sparrow vs. Kingman*, 1 Comstock, 242. A grantee may deny that his grantor had such a title as would be subject to a lien. *Watkins vs. Hollman*, 16 Peters, 25 ; *Bigelow vs. Finch*, 11 Barb., 498 ; *Osterhout vs. Shoemaker*, 3 Hill, 513.

4. The alleged promise by respondent to pay the mortgage is void by the statute of frauds, and adds nothing to plaintiff's equity. R. S. chap. 76 § 2, p. 388. It was a promise to pay the debt of a third person, and the plaintiff was a stranger, both to the consideration and promise. *Emerick vs. Sanders*, 1 Wis., 77. If valid it could not be used to create or enlarge an interest in lands, (R. S. chap. 75, § 6, p. 388,) and can only

be enforced by an action on the promise for a personal judgment. There is no demand for a personal judgment against respondent.

5. The plaintiff is attempting to foreclose what he admits to be a perfect title, which was not mortgaged, without charging the holder with fraud, or showing facts which could create an estoppel. There is no averment but what a full consideration was paid to Sykes for his interest, and the improvements when made attached to, and follow the legal title.

The debt from Sykes was due to H. C. Bull & Co., and the notes are payable to them. The mortgage is to H. C. Bull alone, and the suit is in his name. There is no averment of a sale or delivery of the debt or notes to plaintiff, nor is there anything in the case showing a legal trust; nor does the plaintiff assume to act as trustee. The averment " that there is now justly due to the plaintiff upon said notes and mortgage, &c.," is not, and cannot be construed to be an allegation of facts, constituting the plaintiff the owner of the notes.


*By the Court,* Cole, J.   The order of the circuit court sustaining the demurrer to the complaint in this cause, must be reversed.   It appears, from the complaint, that at the time of the execution of the mortgage, which is sought to be foreclosed, Sykes, the mortgagor, was in possession of the mortgaged premises under the contract which he had made with Cravath for the purchase thereof, had paid part of the purchase money and had made valuable improvements upon them. He then mortgaged his interest in the land to H. C. Bull & Co., to secure the payment to them of two several promissory notes.   Now there seems to be a question made as to whether Sykes had such an interest in the land that he could mortgage it.   Can there be a doubt about it?

" As to the kinds of property which may be mortgaged, it

may be stated that, in equity, whatever property, personal or real, is capable of an absolute sale may be the subject of a mortgage." 2 Story Eq. Jur., § 1021. "Therefore, rights in remainder and reversion, possibilities coupled with an interest, rents, franchises and choses in action, are capable of being mortgaged." The bargainee under a contract for sale and conveyance of real estate has such an interest in the land that it is a matter, almost of daily occurrence, for courts to entertain suits to enforce the specific performance of such agreements. The relation between the parties under such contracts is said by this court, in the case of *Button vs. Schroyer*, 5 Wis., 598, to be analagous to that of an equitable mortgagor and mortgagee; the bargainee having the right to be relieved against a forfeiture for non-compliance with the contract when he offers to perform within a reasonable time, and the bargainor having the right to foreclose the equity of the delinquent bargainee. That a mortgage given by a person holding under a contract of this nature, has been held valid; see *Purmont vs. McCrea, et al.*, 5 Paige, 620. The respondent took an assignment of Syke's contract with full knowledge of the existence of the mortgage given to H. C. Bull & Co., and therefore he can claim no greater equities than Sykes could himself. It is even alleged in the complaint that the respondent in consideration of the assignment of the contract to him by Sykes, agreed and promised to discharge the mortgage when it fell due. And although this promise is not such an one, perhaps, as would be enforced in law, yet it does not weaken the equities of the case against him.

Being satisfied that the complaint does state facts sufficient to constitute a cause of action, we do not feel called upon to enter into a fuller examination of the case at this time.

The order of the circuit court sustaining the demurrer to the complaint, must be reversed and the cause remanded for further proceedings.