Ross, Respondent, vs. KOBERSTEIN and another, Appellants.

*December 3, 1935—January 7, 1936.*

For the appellants there was a brief by *Sanborn, Blake & Aberg* and *Ernest H. Pett,* all of Madison, and oral argument by *Mr. Pett* and *Mr. W. J. P. Aberg.*

For the respondent there was a brief by *Stephens, Sletteland, Sutherland & Cannon* of Madison, and oral argument by *Robert J. Sutherland.*

FOWLER, J. The only point raised on the appeal is that the court erroneously submitted the question of comparative negligence because it compared the negligence of the plaintiff with that of the driver of the automobile, instead of with the combined negligence of that driver and the driver of the truck in which the plaintiff was riding. There was error in this respect, but it did not prejudice the defendants.

The plaintiff was found negligent five per cent as compared to the defendant driver's ninety-five per cent. But had his negligence been compared with the combined negligence of the two drivers the ratio of the plaintiff's negligence to that of the two added together would necessarily have been less than when compared with that of the negligence of the defendant driver alone, if the driver of the truck were found negligent in any degree whatever. In that event the plaintiff's recoverable damages would have been greater than they were under the verdict returned, as the comparative negligence statute requires that the recovery "shall be diminished by the jury in the proportion to the amount of negligence

attributable to the person recovering." Sec. 331.045, Stats. In *Walker v. Kroger Grocery & Baking Co.* 214 Wis. 519, 252 N. W. 721, as here, the plaintiff was found negligent and the driver of the automobile in which he was riding was not a party to the suit. It was there held that under the statute one term of the proportion is the negligence of the plaintiff, and "the causal negligence of all of the other participants in the transaction must be deemed to constitute the other term of the proportion."

As the error assigned by the appellants operated in their favor instead of to their prejudice, they have no ground of complaint.

*By the Court.*—The judgment of the circuit court is affirmed.