VROMAN, Special Administratrix, Respondent, v. KEMPKE and another, Appellants. [Two cases.]

*April 10—May 9, 1967.*

682

For the appellants there was a brief by *Holden & Halvorsen* of Sheboygan, and oral argument by *Robert H. Halvorsen.*

For the respondents there was a brief by *Kopish, Miron & Boyle* of Marinette, and oral argument by *William P. Kopish.*

HALLOWS, J. We believe the verdict is so defective as to be void and unable to support a judgment and consequently there must be a reversal and a new trial. It was not proper to include the passive negligence of the two guest-passengers in the same comparative-negligence question with the active negligence of the host and thus require the jury to assume the total of the negligence, active and passive, of all the parties constituted 100 percent. Such form of verdict would be correct in the rare case where the negligence of the passengers was active in the sense it contributed with the host's negligence to the accident and thus each party could be considered a tort-feasor as against the other parties. However, that is not the case here. The negligence of each of the passengers was passive in nature and contributed only to her own injuries, not to the accident or to the injuries of the other passengers. Neither plaintiff was a

tort-feasor causing harm to others. As used in this context, whether negligence is active or passive is not determined by whether the acts were of commission or omission but whether they were a cause of the accident or only of injuries. The negligence of each passenger went no further than to account for that passenger's presence in the car under the conditions and at the time it went off the road. Since the negligence of one passenger had no relationship to the negligence of the other passenger, the passive negligence of both could not be included in the same comparative-negligence question.

The trial court took the view that sec. 895.045, Stats., which provides that damages allowed in the negligence action shall be diminished in proportion to the amount of negligence attributed to the person recovering, would be satisfied by allowing each plaintiff to recover 75 percent of her damages. The court reasoned that 25 percent was what the jury intended to assess against each passenger as compared to the host-driver. But, this is speculation. The jury was not asked to make a comparison between the negligence of the host and the negligence of each passenger separately, so we do not know what percentage of negligence the jury would have assessed to the plaintiff in each case. It can as reasonably be argued that because the jury found the defendant-driver twice as negligent as each plaintiff that the conversion of the percentages found on a 100 percent basis in each case would require a finding of 66⅔ percent negligence on the part of the defendant-driver and 33⅓ percent on the part of each plaintiff. We do not think speculative results should be read into the verdict in an attempt to answer a question which was not asked the jury. *Vlasak v. Gifford* (1946), 248 Wis. 328, 21 N. W. (2d) 648.

It is argued the defendants cannot raise this question because they did not object to the form of the verdict.

For this proposition the plaintiffs rely on *Nimits v. Motor Transport Co.* (1948), 253 Wis. 362, 34 N. W. (2d) 116; *Leiske v. Baudhuin Yacht Harbor* (1958), 4 Wis. (2d) 188, 89 N. W. (2d) 794; and *Geis v. Hirth* (1966), 32 Wis. (2d) 580, 146 N. W. (2d) 459. These cases are not applicable. The defect in the verdict is not formalistic but of substance and renders the verdict void. The problem would not have arisen if the cases had been tried separately; consolidating them for trial only makes the error possible.

The form of a verdict for the purpose of determining contributory negligence was early set forth in *Walker v. Kroger Grocery & Baking Co.* (1934), 214 Wis. 519, 252 N. W. 721. When "assumption of risk" was abolished as a defense in host and guest cases, this court pointed out the conditions which would require separate comparative-negligence questions. *McConville v. State Farm Mut. Automobile Ins. Co.* (1962), 15 Wis. (2d) 374, 113 N. W. (2d) 14. The difference between active and passive negligence and the problem of the comparison of such negligence was again discussed and further clarified in *Theisen v. Milwaukee Automobile Mut. Ins. Co.* (1962), 18 Wis. (2d) 91, 118 N. W. (2d) 140, 119 N. W. (2d) 393. Passive negligence of the various plaintiffs cannot be compared in the same question; two separate comparison questions must be submitted, each involving only the negligence of one plaintiff and the defendant driver.

We agree with the trial court that the defendants' offer of judgment was not timely made. Defendants contend that an offer may be made any time before trial and the trial had not started when the offer was made a few minutes before the impaneling of the jury. While "before trial" has often meant before the commencement of the trial and the commencement of a trial is frequently construed to mean before opening statements in a trial to the court or before impaneling the jury in a jury trial, we do not think the argument is meritorious. 53 Am. Jur.,

Trial, p. 29, sec. 4; Anno. Voluntary Nonsuit—Time, 1 A. L. R. (3d) 712. We think sec. 269.02,[1] Stats., requires a defendant who seeks its benefits to make his offer a reasonable time before trial, not the last minute before trial. While the statute does not expressly require ten days, it contemplates the plaintiff's acceptance within ten days and before trial for the purpose of entering a judgment. We think a reasonable time for the defendant to make his offer of judgment to be normally ten days before the commencement of the trial. If a lesser period can be justified on the facts of a case, the trial court can so find for the purpose of applying the statute.

The purpose of the section is not served when the plaintiff is not given time to consider the offer and the trial court not given sufficient time to schedule another trial. The reasonable period of time can cause no hardship upon the defendant who plans to properly prepare his case for trial because he can make an offer of judgment at least ten days prior to trial and save himself additional preparation. The statute does not contemplate a defendant waiting on the courthouse steps with his offer on the day of trial. Such a belated offer in most cases amounts to no more than a win-all—lose-nothing technique to recover costs on the trial.

---

[1] "269.02 **Offer of judgment or damages: effect.** (1) After issue is joined but before the trial the defendant may serve upon the plaintiff a written offer to allow judgment to be taken against him for the sum, or property, or to the effect therein specified, with costs. If the plaintiff accepts the offer and serves notice thereof in writing, before trial and within 10 days, he may file the offer, with proof of service of the notice of acceptance, and the clerk must thereupon enter judgment accordingly, provided the summons and complaint have been filed. If notice of acceptance is not given, the offer cannot be given as evidence nor mentioned on the trial. If the offer of judgment is not accepted and the plaintiff fails to recover a more favorable judgment, he shall not recover costs but defendant shall recover costs to be computed on the demand of the complaint."

Defendants argue the plaintiff is not prejudiced by an offer made a few minutes before the commencement of a trial because the costs which the defendant may recover if the plaintiff does not recover the amount of the offer is computed only from the time the offer is made. Although costs under the earlier statutes were computed as the defendants suggest, see *Montgomery v. American Central Ins. Co.* (1900), 108 Wis. 146, 84 N. W. 175, the present court rule, sec. 269.02 (1), Stats., no longer so provides. For an analogous problem of an offer of damages in the event the defendant failed in his defense, see *Cordes v. Hoffman* (1963), 19 Wis. (2d) 236, 120 N. W. (2d) 137, and amended secs. 269.02 (1) and (2).

A reversal is required but since no objection has been made to the findings of damages, the new trial shall be confined to the issues of negligence and causation.

*By the Court.*—Judgments reversed, and a new trial granted on the issues of negligence and causation only.