GROSS, Plaintiff-Respondent, v. MIDWEST SPEEDWAYS, INC., Defendant-Appellant: DENOW, and another, Defendants.

*No. 75–551. Argued September 1, 1977.—*
*Decided November 30, 1977.*
(Also reported in 260 N.W.2d 36.)

130

132

For the appellant there was a brief by *Ernest J. Philipp, Robert J. Philipp, Thomas L. Philipp* and *Otjen, Philipp & Van Ert, S. C.* and oral argument by *Ernest J. Philipp,* all of Milwaukee.

For the respondent there was a brief by *James J. Murphy* and *Habush, Gillick, Habush, Davis & Murphy,* and oral argument by *James J. Murphy,* all of Milwaukee.

ROBERT W. HANSEN, J. Of the various trial court rulings challenged on this appeal, the first is the trial court's denial of Midwest's motion for summary judgment. This motion was based on the decision of this court in the first appeal involving the same parties and the same claim.[1] If the denial of the motion for summary judgment is before us on this appeal, the propriety of that denial is dispositive of this appeal. For if the trial court erred in denying summary judgment, a reversal is required and summary judgment in favor of Midwest must be granted. However, if the trial court did not err in denying the motion for summary judgment, other issues remain to be resolved.

The preliminary question is whether the trial court's denial of Midwest's motion for summary judgment is now before us. The plaintiff's claim is that Midwest lost the right to challenge this ruling when it failed to appeal the denial of its motion. It is correct that the order denying Midwest's motion for summary judgment was appealable.[2] However, it does not follow that the failure

---

[1] *Gross v. Denow,* 61 Wis.2d 40, 212 N.W.2d 2 (1973).

[2] Sec. 274.33, Stats., provides: "The following orders when made by the court may be appealed to the supreme court:

". . .

to appeal immediately from the order denying the motion for summary judgment waives the right to challenge the denial in an appeal from the final judgment. An order overruling a demurrer is also, by statute, an appealable order.[3] Where a plaintiff did not immediately appeal from an order overruling a demurrer, but, as here, appealed from the final judgment of the trial court, we held that the order overruling the demurrer is reviewable in the appeal from the judgment.[4] What we held as to orders overruling a demurrer applies under the same statutes to orders denying motions for summary judgment. It is true that our court has held that where, following denial of his motion for summary judgment and without making any subsequent motion for directed verdict, a defendant voluntarily elected to proceed with trial before a jury, he waived his right to appeal the denial of summary judgment.[5] A voluntary election to proceed is absent in the case before us. Midwest moved for a nonsuit and a directed verdict, submitted proposed instructions to the jury as to its nonliability, moved for judgment notwithstanding the verdict. All of these motions were predicated on the same error on which the motion for summary judgment was brought. Under the applicable statutes and the *Sawejka* holding, we hold that

"(3) When an order . . . denies an application for summary judgment."

[3] Sec. 274.33(3), Stats., makes appealable an order which sustains or overrules a demurrer.

[4] "An appeal from the judgment brings up for review the order sustaining the demurrer upon which it is based." *Sawejka v. Morgan,* 56 Wis.2d 70, 74, 201 N.W.2d 528 (1972).

[5] *Richie v. Badger State Mut. Casualty Co.,* 22 Wis.2d 133, 137, 138, 125 N.W.2d 381 (1963). *See also: Maxwell v. Kennedy,* 50 Wis. 645, 7 N.W. 657 (1880), where this court held that a defendant waived his right to review of the trial court order granting a new trial, not because he participated in the new trial, but because he did so without in any way preserving his claim of error.

Midwest did not forfeit its right to challenge the denial of its motion for summary judgment by not appealing that denial when it was made.

Similarly, we find no waiver of the right to challenge the denial of the motion for summary judgment in Midwest's failure to seek a writ of mandamus following the denial. There are decisions of this court holding that mandamus is the exclusive remedy to compel a trial court to follow a mandate of this court.[6] However, these cases deal with a mandate ordering the trial court to take a particular action or enter a particular judgment. In such a situation we have held: "The sole remedy of defendant is an original action invoking the supervisory power of this court to compel the lower court to follow its mandate."[7] In the appeal of the first judgment in this case, the mandate of our court, at least the portion of it here involved, stated "and cause remanded for a new trial on the issue of negligence only."[8] In retrospect, it is evident that a more detailed blueprint of the status of Midwest on retrial would have been helpful. Under the mandate of this court, as actually worded, the trial court exercised its discretion as to whether the mandate permitted the retention of Midwest as a party defendant on retrial. Mandamus lies to compel the trial court to take a specific action which should have been taken, but mandamus does not lie unless the duty of the

[6] *M. & M. Realty Co. v. Industrial Comm.*, 267 Wis. 52, 64 N.W.2d 413 (1954); *Litzen v. Eggert*, 238 Wis. 121, 297 N.W. 382 (1941); *Barlow & Seelig Mfg. Co. v. Patch*, 236 Wis. 223, 295 N.W. 39 (1940). *See also: Eisenberg v. ILHR Department*, 59 Wis.2d 98, 207 N.W.2d 874 (1973); *State ex rel. Reynolds v. Breidenbach*, 205 Wis. 483, 237 N.W. 81 (1931); *State ex rel. Lisbon Town Fire Ins. Co. v. Crosby*, 240 Wis. 157, 2 N.W.2d 700 (1942).

[7] *Barlow & Seelig Mfg. Co. v. Patch, supra*, n. 6, at 225.

[8] *Gross v. Denow, supra*, n. 1, at 52.

trial court is plain and the refusal to proceed within its jurisdiction to perform that duty is clear.[9] Where the mandate of this court orders "a new trial on the issue of negligence only," and where a new trial as to negligence was in fact ordered, we do not believe that the basis for issuing a writ of mandamus is established.

Nor do we find merit in the plaintiff's contention that Midwest lost its right to move for summary judgment by not moving for a rehearing on the first appeal to clarify the mandate. We point out that the plaintiff could also have moved for a rehearing to clarify the mandate, but did not. While rehearing is an appropriate mechanism for resolving doubts as to a mandate or an opinion,[10] it does not follow that Midwest's failure to move for a rehearing following the decision in the first appeal on the speculative ground that the trial court might misinterpret the mandate on remand should bar either its subsequent motion for summary judgment on retrial or an appeal of the denial of that motion from the judgment entered on the second trial.

Having held that the denial of the motion for summary judgment is properly before us on this appeal, we now consider whether the trial court erred in denying the motion. This in turn brings us to an analysis of the

[9] *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 623, 624, 79 N.W. 1081 (1899).

[10] *See:* G. Currie and N. Heffernan, *Wisconsin Appellate Practice Procedure* (1975); Currie, *Aspects of Appellate Procedure,* 1955 Wis. L. Rev. 554. *See also: Johann v. Milwaukee Electric Tool Corp.,* 270 Wis. 573, 579, 72 N.W.2d 401 (1955), where appellant moved for rehearing but failed to include as grounds for the motion an ambiguity in the mandate and opinion of which he later complained. This court held: "If defendant had considered that there was any ambiguity in the opinion and mandate on this point, that was the proper time to raise the point, and not before the trial court during the course of the second trial."

first decision, *Gross v. Denow.*[11] In the first trial, the jury apportioned 70 percent of the causal negligence to Midwest, 25 percent to Denow and 5 percent to the plaintiff Gross. Our court held: "The jury verdict that the one who maintained the road was 14 times as causally negligent as the person who chose it as an egress cannot stand."[12] Apparently the plaintiff interprets this statement as merely setting aside the verdict apportionment as "grossly disproportionate."[13] When this court determines that the percentages attributed to the parties in light of the facts are grossly disproportionate, the court should grant a new trial in the interests of justice.[14] However, in the very next paragraph, the opinion concludes:

"In the case before us, where the plaintiff selected from among three exit routes the one in which pedestrian and vehicular traffic were commingled, and where he failed to keep a proper lookout for vehicles passing to his right while he proceeded along the route, his negligence in both respects combined was at least equal to that of the racetrack operator who built and maintained the road involved."[15]

Earlier in the opinion we noted that where it appears "'. . . that the negligence of the plaintiff is as a matter

---

[11] *Gross v. Denow, supra,* n. 1.

[12] *Id.* at 49.

[13] Gross disproportion in the jury's apportionment of negligence is one of three bases for setting aside a jury's apportionment of negligence. The other two bases are (1) if as a matter of law the plaintiff's negligence equaled or exceeded that of the defendant, and (2) if there was such a complete failure of proof that the verdict could only be based upon speculation. *Britton v. Hoyt,* 63 Wis.2d 688, 693, 218 N.W.2d 274 (1974); *Jagmin v. Simonds Abrasive Co.,* 61 Wis.2d 60, 84, 211 N.W.2d 810 (1973).

[14] *Britton v. Hoyt, supra,* at 693; *Firkus v. Rombalski,* 25 Wis.2d 352, 362, 130 N.W.2d 835 (1964).

[15] *Gross v. Denow, supra,* n. 1, at 50, 51.

of law equal to or greater than that of the defendant, it is not only within the power of the court but it is the duty of the court to so hold.' "[16] Noting that frequenters of a public place are ". . . under an obligation to exercise ordinary care for their own safety,"[17] we set forth, case by case, prior decisions of this court holding that the negligence of a frequenter of a public place is at least equal to or greater than that of the defendant as a matter of law.[18] Following these citations to similar situations, in the same paragraph this court held the negligence of plaintiff here "was at least equal to that of the racetrack operator" and that "[s]etting aside the jury apportionment is required."[19] Where either the appellate court or a trial court finds that the evidence does not support the apportionment made by a jury and further finds as a matter of law that the negligence of the plaintiff equals or exceeds that of the defendant, the court's finding denies recovery to the plaintiff against such defendant.[20] In the case before us, that was the holding of this court in *Gross v. Denow,* and that holding became the law of this case on retrial.[21] It may be argued that the mandate of this court on the first appeal, if not inconsistent with the opinion, is less explicit than the opinion is on the consequences on retrial of holding that plaintiff's negligence is at least equal that of Midwest. We find no inconsistency between the mandate

[16] *Id.* at 49, quoting *Skybrock v. Concrete Construction Co.,* 42 Wis.2d 480, 490, 167 N.W.2d 209 (1969).

[17] *Id.* at 49, citing *Powless v. Milwaukee County,* 6 Wis.2d 78, 85, 94 N.W.2d 187 (1959).

[18] *Skybrock v. Concrete Construction Co., supra,* n. 16, at 490; *Powless v. Milwaukee County, supra,* n. 17, at 86; *Rewolinski v. Harley-Davidson Motor Co.,* 32 Wis.2d 680, 684, 146 N.W.2d 485 (1966); *Klein v. Montgomery Ward & Co.,* 263 Wis. 317, 57 N.W.2d 188 (1953).

[19] *Gross v. Denow, supra,* n. 1, at 51.

[20] *Britton v. Hoyt, supra,* n. 13, at 693.

[21] *See: Luhman v. Evergreen Cemetery Asso.,* 9 Wis.2d 479, 483, 101 N.W.2d 652 (1960).

and the opinion,[22] but acknowledge that the mandate might well have proceeded to state the obvious enough consequence that on retrial of the negligence issue, Midwest must be dismissed as a party defendant. However, what was not stated in the mandate was clearly held in the opinion, and we hold the trial court here was obliged to apply the mandate in the light of the opinion. The scope of the new trial authorized in *Gross v. Denow* was limited by what we held as a matter of law in the opinion. The trial court was required by the prior holding of this court to grant Midwest's motion for summary judgment, and the denial of this constitutes reversible error. While the negligence of Midwest can be considered by the jury in its apportionment of the total causal negligence,[23] Midwest is entitled to be dismissed as a defendant in the case. As our court has held, "[W]here there is no issue of fact that should be tried or where there is an issue of law that can be determined so as to conclude the case, summary judgment should be used."[24] Reversal of the judgment is required, and the trial court is directed to grant Midwest's motion for

[22] In *State ex rel. Reynolds v. Breidenbach, supra,* n. 6, this court held that the trial court is required to interpret the mandate in light of the opinion. *But see: M. & M. Realty Co. v. Industrial Comm., supra,* n. 6, in which the court held that the taking of new testimony by an administrative agency is not inconsistent with a circuit court mandate, but stated: "There is good authority for holding that in a situation where a mandate makes no reference to the opinion and is inconsistent with the opinion the mandate prevails."

[23] *Pierringer v. Hoger,* 21 Wis.2d 182, 192, 124 N.W.2d 106 (1963). *Compare, McCraw v. Witynski,* 43 Wis.2d 313, 322, 168, N.W.2d 537 (1969).

[24] *Bolen v. Bolen,* 39 Wis.2d 91, 94, 158 N.W.2d 316 (1968); *Hardscrabble Ski Area v. First Nat. Bank,* 42 Wis.2d 334, 166 N.W.2d 191 (1969). *See also: Capt. Soma Boat Line, Inc. v. Wisconsin Dells,* 56 Wis.2d 838, 203 N.W.2d 369 (1973); *Schnabl v. Ford Motor Co.,* 54 Wis.2d 345, 195 N.W.2d 602, 198 N.W.2d 161 (1972).

summary judgment and to grant a new trial on the issue of negligence as between the plaintiff and the defendant Denow.

*By the Court.*—Judgment reversed and cause remanded with directions to the trial court to grant defendant-appellant Midwest's motion for summary judgment, and for further proceedings not inconsistent with this opinion.

ABRAHAMSON, J. *(dissenting).* I dissent for the reasons so ably stated by the late Chief Justice Hallows in his dissent in the first *Gross v. Denow case:*

"I think this case is a good example of why this court should apply the *Powers* rule to the apportionment of negligence as it does to damages. . . . If this court is capable of determining in this case that the apportionment of causal negligence to the pedestrian, to the automobile driver, and to the owner of the premises was error and to decide that the pedestrian was at least as negligent as the owner of the racetrack, then this court is capable of determining the apportionment of causal negligence between the three parties with a proper option for a new trial in the event the apportionment is not accepted and should do so. . . .

"If this state is to keep its present form of comparative negligence (sec. 895.045, Stats.), then the rule should provide for the comparison of plaintiff's causal negligence with the combined negligence of all the other persons who were causally negligent and not compared with each tort-feasor's causal negligence separately. . . ."[1]

---

[1] 61 Wis.2d 40, 53, 54, 212 N.W.2d 2 (1973).

Since Chief Justice Hallows' dissent, other states have adopted the principle of comparative negligence by judicial decision or statute, and there has been a flux of writing in the area. *See, e.g.,* Williams & Davidson, *Kaatz v. State: The Rule of Comparative Negligence Afloat Upon Unchartered Alaskan Waters,* 6 UCLA—Alaska L. Rev. 175 (1977); Schwartz, *Li v. Yellow Cab Company; A Survey of California Practice Under Comparative Negligence,* 7 Pacific L. J. 747 (1976); Schwartz, *Comparative Negligence in Kansas—Legal Issues & Probable Answers,* 13 Wash-

That this case is before this court a second time, that this case is slated for a third trial, and that the majority opinion leaves unsettled several issues which portend a third appeal and fourth trial are proof of the wisdom of Chief Justice Hallows' opinion.

Even if I agreed with the majority opinion in the first *Gross v. Denow case,* I would dissent from the majority opinion in this the second round of *Gross v. Denow.*

Contrary to sound appellate practice and procedure, the majority returns this twice-tried case to an over-crowded trial court docket for a third trial. The majority opinion—without explanation—overturns the judgment in favor of Denow and remands the cause for a new trial on the issue of negligence as between Gross and Denow.[2] The judgment in favor of Denow was not challenged on appeal,[3] and Denow did not participate in this appeal.[4] I conclude that the judgment against

burn L. J. 397 (1974); Note, *Multiple Party Litigation Under Comparative Negligence in Kansas,* 16 Washburn L. J. 672 (1977); Note, *Comparative Negligence in Vermont: A Solution or a Problem,* 4 Albany L. Rev. 777 (1976).

Chief Justice Hallows' position was stated in a series of opinions beginning with *Lawver v. City of Park Falls,* 35 Wis.2d 308, 151 N.W.2d 68 (1967) and ending with *Gross v. Denow. See, e.g., Pruss v. Strube,* 37 Wis.2d 539, 546, 155 N.W.2d 650 (1968); *Vincent v. Pabst Brewing Co.,* 47 Wis.2d 120, 139, 177 N.W.2d 513 (1970) (Hallows, C.J., dissenting); and *Bourassa v. Gateway Erectors, Inc.,* 54 Wis.2d 176, 181, n. 2, 194 N.W.2d 602 (1972).

[2] Jury number 2 found Gross (the plaintiff) and Denow (the defendant) each negligent in the amount of 10 percent, and the trial court therefore dismissed Gross' complaint against Denow.

[3] Although Midwest's notice of appeal which was served on Denow and Gross states that Midwest appeals from the whole of the judgment, the percentage of Denow's negligence was not in issue on appeal. Gross did not serve a notice for review or a cross-appeal challenging the trial court's dismissal of the complaint against Denow. *See* sec. 274.12(1), Stats. 1973 and sec. 817.12, Stats.; Currie and Heffernan, *Wis. Appellate Practice Procedure,* pp. 19–21 (rev. ed. 1975). Gross' brief requests the

Denow is not before the court on this appeal and that the cause cannot be remanded for a new trial against Denow.[5]

Even if I agreed with the mandate of this case, I would be compelled to write on what I think are two basic flaws in the majority opinion.

One flaw in the opinion is that the majority does not adequately discuss the question of jury number 3's consideration of the negligence of Midwest in its apportionment of causal negligence between Gross and Denow. The majority opinion says: ". . . the negligence of Midwest *can be considered* by the jury in its apportionment of the total causal negligence[23] (Emphasis added).

[[23] *Pierringer v. Hoger*, 21 Wis.2d 182, 192, 124 N.W.2d 106 (1963). *Compare, McCraw v. Witynski*, 43 Wis.2d 313, 322, 168 N.W.2d 537 (1969).]"

court to give him a third shot at Denow only if this court reverses judgment number 2 against Midwest. Gross does not seek to retry Denow's negligence if the judgment against Midwest is affirmed.

[4] Denow's counsel wrote to this court in July 1977 as follows: "We appear for non-appealing parties, David Denow and Milwaukee Mutual Insurance Company, and were notified by the Supreme Court that we need not file a brief and we did not file a brief. I am wondering if I might be entitled to appear and participate in the argument of this matter under the circumstances." On July 25, 1977 this court denied counsel's request.

[5] "It is well settled in this state that the appellate jurisdiction of this court is dependent upon the rules of appealability established by the legislature. This court is without authority to review the judgment of a lower court unless it has obtained both jurisdiction over the subject matter and jurisdiction over the parties to that judgment. *See: Walford v. Bartsch* (1974), 65 Wis.2d 254, 260, 222 N.W.2d 633. In its decision in this case the court noted that no appeal had been taken from the judgment dismissing the plaintiffs' claim against the petitioners. Nor were the petitioners parties to the appeal. We conclude, accordingly, that the court did not acquire the requisite personal jurisdiction and the judgment was therefore not before the court." *Reddington v. Beefeaters Tables, Inc.*, 72 Wis.2d 119, 125b, 240 N.W.2d 363 (1976). *Cf. Quady v. Sickl*, 260 Wis. 348, 354a, 51 N.W.2d 3, 52 N.W.2d 134 (1952).

(Emphasis added.) Does this language mean the jury *may* consider Midwest's negligence or the jury *must* consider Midwest's negligence?

The *Pierringer case* (cited by the majority in footnote 23) involved settling and non-settling tortfeasors. The court there affirmed a judgment dismissing the settling tortfeasors as parties but reiterated the Wisconsin rule that it is error not to include in the apportionment question submitted to the jury the causal negligence of a nonparty in order to determine the precentage of negligence of the defendant. The cases cited in *Pierringer* indicate such error can, however, be non-prejudicial.[6]

In the *McCraw case*[7] (also cited by the majority in footnote 23) the court opined that evidence of negligence of nonparties was permitted to be introduced but that the failure of the jury to consider such evidence was not prejudicial error. The court concluded that "the jury found that the defendant was four times as negligent

[6] *Pierringer v Hoger*, 21 Wis.2d 182, 192, 124 N.W.2d 106: "We have held in cases dealing with the comparison of negligence between a plaintiff and a defendant which involved the negligence of a nonparty that it was error not to include in the apportionment question submitted to the jury the causal negligence of the nonparty in order to determine the percentage of negligence of the defendant, but on the facts such error was not prejudicial.[4]

"[4] *Hardware Mut. Casualty Co. v. Harry Crow & Son, Inc.* (1959), 6 Wis.(2d) 396, 94 N.W.(2d) 577; *Ross v. Koberstein* (1936), 220 Wis. 73, 264 N.W. 642; *Patterson v. Edgerton Sand & Gravel Co.* (1938), 227 Wis. 11, 277 N.W. 636."

However, here, the failure to include in the apportionment question the causal negligence of the settling respondents would because of the releases necessarily be prejudicial to the nonsettling appellant. Under sec. 270.27, Stats, which requires a special verdict on all material issues, both the plaintiff and defendant are entitled to have the percentage of the nonsettling tortfeasor's negligence determined.

[7] *McCraw v. Witynski*, 43 Wis.2d 313, 321, 168 N.W.2d 537 (1969).

as the plaintiff. Had a certain percentage of the negligence been attributed to nonparties, the ratio of the defendant's negligence would undoubtedly have remained the same." Such a conclusion is speculative and unsupported by any data. My hunch is that the jury would allocate less negligence to the plaintiff in situations where there were several tortfeasors than where there was one tortfeasor.[8] But who knows? My view is as speculative as was the court's in *McCraw*. Indeed, this court has not been willing to presume that an apportionment of negligence including an improper party establishes a valid ratio between the other parties.[9]

Thus I believe the majority opinion must be read to require jury number 3 to consider Midwest's negligence in its apportionment of causal negligence.[10] And at

[8] Compare *McCraw, supra* note 7, *with Connar v. West Shore Equipment Inc.*, 68 Wis.2d 42, 46, 227 N.W.2d 660 (1975).

For critical analysis of the court's view that the named defendant was not prejudiced by the failure to apportion negligence among *all* participants, see Aiken, *Proportional Comparative Negligence—Problems of Theory & Special Verdict Formulation*, 53 Marq. L. Rev. 293, 305-307 (1970).

Judge Fairchild commented on the application of Wisconsin's comparative negligence statute in *Magnuson v. Fairmont Foods Co.*, 442 F.2d 95, 99 (1971) as follows: "It has been held that omission from verdict of questions as to negligence of a nonparty was ordinarily not prejudicial to a defendant found to have been more negligent." In *Magnuson*, plaintiff claimed prejudice when defendant brought in another party for determining contribution.

[9] *Nelson v. L & J Press Corp.*, 65 Wis.2d 770, 223 N.W.2d 607 (1974); *Vroman v. Krempke*, 34 Wis.2d 680, 150 N.W.2d 423 (1967); *Callan v. Wick*, 269 Wis. 68, 68 N.W.2d 438 (1955). Compare *Chart v. G.M.*, 80 Wis.2d 91, 112-114, 258 N.W.2d 680 (1977).

[10] "[T]he jury *must* be given the opportunity to consider the possible negligence of all persons, whether parties or not, who may have contributed to the total negligence." *Reddington v. Beefeaters Tables, Inc.*, 72 Wis.2d 119, 125a, 240 N.W.2d 363 (1976). See also *Heldt v. Nicholson Mfg. Co.*, 72 Wis.2d 110, 116, 240

trial number 3 a special verdict should inquire about the causal negligence of all persons involved in the matter, whether or not they are parties to the action or immune to liability.[11]

I recognize, however, that there are difficulties in having the jury allocate fault to persons who are not parties. It is clearly preferable for a jury to make a judgment about the fault of a person whom the jury can see and hear and not about the fault of a person "in the abstract." Schwartz, *Comparative Negligence,* Special Calif. Supp. p. 7 (1975). Remanding this case for another trial for allocation of negligence among the plaintiff, Denow and Midwest, without Midwest as a party, creates this very problem in trial number 3. Writers in the field of comparative negligence have paid some attention to this problem of proof of negligence of multi-tortfeasors some of whom are not parties, but courts have been relatively silent. One can hypothesize a number of fact situations illustrating the difficulty of having the jury apportioning negligence among parties and nonparties. I understand the majority's reluctance to deal with this issue, but we must start establishing guidelines for the sake of the bench, the bar and the public.

N.W.2d 154 (1976); *Payne v. Bilco,* 54 Wis.2d 424, 195 N.W.2d 641 (1972); *Connar v. West Shore Equipment, Inc.,* 68 Wis.2d 42, 227 N.W.2d 660 (1975).

For a discussion of jury consideration of the negligence of persons including non-parties, *see Jacobs v. Milwaukee & Suburban Trans. Corp.,* 41 Wis.2d 661, 165 N.W.2d 162 (1968); Heft & Heft, *Comparative Negligence Manual,* sec. 8.131 (1976 Supp.); Schwartz, *Comparative Negligence,* c. 16 (1974); Schwartz, *Li v. Yellow Cab Company: A Survey of California Practice Under Comparative Negligence,* 7 Pacific L. J. 747, 763 (1976); California Jury Instructions (Civil), BAJI 14.95 (5th ed. 1975 Cum. Supp.); Note, *Party Litigation Under Comparative Negligence in Kansas,* 16 Washburn L. J. 672, 678 (1977).

Again I must point out that Chief Justice Hallows' proposal that this court apply the *Powers* rule to the apportionment of negligence would have eliminated this difficulty in this case. I will discuss the application of the *Powers* rule later.

This case involving multiple tortfeasors illustrates the unfairness of comparing the negligence of the plaintiff and each individual tortfeasor rather than comparing the negligence of the plaintiff and the several tortfeasors that may, by their negligence, have contributed to plaintiff's injuries. The rule, followed by the majority, requires that plaintiff's negligence be less than each tortfeasor for plaintiff to recover from that tortfeasor.[12] If on remand Gross is found 33 percent negligent, Midwest 32 percent negligent and Denow 35 percent negligent, Gross will recover 67 percent of his damage award, and the entire amount is owed by Denow. Denow's liability would be reduced only by Gross' negligence, not by the negligence of Midwest.[13] Midwest which is found to

[11] Sec. 805.12, Stats. In Wisconsin practice the special verdict is the rule and not the exception. Judicial Council Committee's Note (1974) to sec. 805.12, West's Wis. Stats. Annot.

"In substantially all cases in which either comparative negligence or comparative contribution is in issue, the case is submitted on a special verdict of rather sophisticated design, under which the jury is progressively required to return specific findings on each 'ultimate fact' in issue which may be relevant to the judgment." Aiken, *Proportioning Comparative Negligence—Problems of Theory & Special Verdict Formulation*, 53 Marq. L. Rev. 293, 301 (1970).

*See* also Decker & Decker, *Special Verdict Formulation in Wisconsin*, 60 Marq. L. Rev. 201, 211–213 (1977) and note 6 *supra*.

[12] *Walker v. Kroger Grocery & Baking Co.*, 214 Wis. 519, 252 N.W. 721 (1934); *Schwenn v. Loraine Hotel Co.*, 14 Wis.2d 601, 609, 610, 111 N.W.2d 495 (1961).

[13] *See Vincent v. Pabst Brewing Co.*, 47 Wis.2d 120, 136 n. 4, 137, 177 N.W.2d 513 (1970); *Connar v. West Shore Equipment of Milwaukee Inc.*, 68 Wis.2d 42, 222 N.W.2d 660 (1975); Heft & Heft, *Comparative Negligence Manual* sec. 1.70, Ex. 4, ch. 1—p. 24.

be 32 percent negligent—3 percent less negligent than Denow—does not have to contribute anything towards payment of the damages.[14] This example illustrates the inequity of the Wisconsin rule to the "defendant" tortfeasors. The inequity of the Wisconsin rule to the contributorially negligent plaintiff can be demonstrated by the following: If on remand, Gross is found 34 percent negligent, Midwest 33 percent negligent, and Denow 33 percent negligent, Gross is barred from recovery. Yet if there were only one tortfeasor who was 66 percent causally negligent, Gross could recover 66 percent of the damage ward. Therefore, under the existing law plaintiff's recovery is based not on the extent of his own negligence or the negligence of others, but on the number of negligent tortfeasors. As Professor Campbell wrote, denial of plaintiff's right to recover is a "misfit in a system designed to distribute responsibility according to degrees of fault . . . ." Campbell, *Wisconsin Law Governing Automobile Accidents—Part II,* 1962 Wis. L. Rev. 557, 569.

The rule on contributory negligence is a court-made doctrine, having been adopted by this court in 1858,[15] and it can be changed by court decision. As I read the Wisconsin cases, Chief Justice Hallows, Justice Wilkie, Justice Beilfuss and Justice Heffernan have opined that the legislature has not preempted the entire subject of comparative negligence and that this court has its inherent common law prerogative to reconsider matters that stem from judicial decision.[16] I, following the lead

[14] See note 12 *supra.*

[15] *Chamberlain v. Milwaukee & Miss. RR Co.,* 7 Wis. 367, 374 (*425, *431) (1858); *Dressler v. Davis,* 7 Wis. 449, 452 (*527, *531) (1858).

[16] See *Vincent v. Pabst Brewing Co.,* 47 Wis.2d 120, 130, 131, 140, 141, 177 N.W.2d 513 (1970) (concurring and dissenting opinions). "No major legal obstacle prevents the courts from adopting a comparative negligence rule. *See* Prosser, *Torts* (3d

of Chief Justice Hallows, would overrule our prior cases and compare the negligence of the plaintiff with the combined negligence of all the other persons whose negligence is causal to determine whether the plaintiff can recover.[17]

The second flaw in the majority opinion is that it misleads the reader to believe that the underlying significant error in trial number 2 was that Midwest was a party. Not so. The basic error was that jury verdict number 2 found Midwest eight times as negligent as Gross despite this court's decision that as a matter of

ed.), p. 445; Keeton, *Creative Continuity in the Law of Torts*, 75 Harv. L. Rev. (1962), 463, 506, 509." *Gross v. Denow*, 61 Wis.2d 40, 59, n. 12, 212 N.W.2d 2 (1973) (dissenting opinion).

For the contrary view *see Vincent v. Pabst Brewing Co.*, 47 Wis.2d 120, 126, 177 N.W.2d 513 (1970).

Recently the Supreme Court of California adopted the pure type of comparative negligence system. *Li v. Yellow Cab Co. of California*, 13 Cal.3d 804, 119 Cal. Rptr. 858, 532 P.2d 1226 (1975).

[17] *Vincent v. Pabst Brewing Co.*, 47 Wis.2d 120, 131, 177 N.W. 2d 513 (1970) (dissenting opinion).

The statute relating to contributory negligence is sec. 895.045, Stats.

"895.045 Contributory negligence. Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not greater than the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering."

Chief Justice Hallows urged the adoption of the doctrine of pure comparative negligence. Under this doctrine every injured person recovers the amount of his damages reduced by the percentage of his causal negligence. Every person causing damage to another is ultimately liable only for the percentage of negligence apportioned to him. *Gross v. Denow*, 61 Wis.2d 40, 58, 212 N.W.2d 2 (1973) (dissenting opinion). For a contrary view see *Vincent v. Pabst Brewing Co.*, 47 Wis.2d 120, 128, 129, 130, 177 N.W.2d 513 (1970).

law the negligence of Midwest, if any, was less than or merely equal to that of Gross.

Two juries looked at this case—the first found Midwest seven times as negligent as Gross; the second found Midwest eight times as negligent as Gross. This court as a matter of law found Gross' negligence at least equal to Midwest's but refused to allocate a percentage figure to either Midwest or Gross.

The majority opinion is silent as to what happens at the third trial. Is the jury free again to allocate negligence among Gross, Denow and Midwest without an instruction that Midwest cannot, as a matter of law, be found more negligent than Gross? The majority opinion must be construed to require that the jury be instructed that in allocating negligence the jury cannot, as a matter of law, allocate to Midwest a percentage of negligence greater than that allocated to Gross. Unless a jury is so instructed, or similarly instructed, there is high likelihood that the same "jury error" in allocation of negligence will occur a third time.

The majority's silence on the issue of requiring specifically that such an instruction be given to the jury can probably be traced to the majority's uneasiness that a judge's instruction of his or her finding of comparative negligence may unduly interfere with the jury's apportionment of negligence. The majority may be concerned that an instruction such as I propose might impose such a limitation on the jury that the jury could not independently make its factual determination. Yet trial judges often instruct the jury that the court as a matter of law has found a party negligent or causally negligent.[18]

[18] However, the danger of undue influence by the judge's finding has been recognized. *See Reyes v. Lawry*, 33 Wis.2d 112, 146 N.W.2d 510 (1966) and cases cited therein and Wis. J I—Civil 1595 for a precautionary instruction where the negligence or the cause question has been answered by the court.

This court has repeatedly said that "apportionment of negligence is peculiarly within the discretion or province of the jury." *Lawver v. Park Falls,* 35 Wis.2d 308, 314, 151 N.W.2d 68 (1967) (concurring opinion and cases cited therein). Nevertheless this court has upset a jury's apportionment and has found as a matter of law that the plaintiff's negligence equaled or exceeded that of the defendant. *Lawver v. Park Falls,* 35 Wis.2d 308, 313, 151 N.W.2d 68 (1967).

I believe that, just as this court and trial courts can properly determine a reasonable sum for damages for remittitur purposes, this court or a trial court can properly determine a reasonable comparison of negligence when the jury's determination is found to be excessive with respect to one or more of the parties.

In personal injury cases common sense tells us that there is a range between the highest and lowest computation of negligence a jury might find. Where there is such a range there is no reason to allow a court to determine as a matter of law whether the persons are of equal negligence and not to allow a court to fix the percentages of negligence, especially when the jury has already indicated its views on negligence. A court can implement its comparison by giving an appropriate option following the general procedure used when the *Powers* rule is applied.[19] The court's apportionment of

[19] *Powers v. Allstate Ins. Co.,* 10 Wis.2d 78, 102 N.W.2d 393 (1960). Where the percentage of negligence allocated by the jury to a defendant is held excessive by the court, and is not due to perversity or prejudice, and is not the result of error occurring during the course of trial, the plaintiff should be granted the option of accepting an apportionment of causal negligence made by the court or of having a new trial. *Pruss v. Strube,* 37 Wis.2d 539, 546, 155 N.W.2d 650 (1968). Where the trial court or this court increases the negligence of a defendant over that apportioned by the jury the court should grant a new trial to the plaintiff subject to the defendant's option to allow judgment to be entered against it based on the court's apportionment of negligence.

negligence serves two purposes: (1) it expedites matters and avoids unnecessary litigation, and (2) it provides an equitable solution without infringing on the parties' rights to a jury trial by adopting a reasonableness standard and preserving the option for a new trial.

For the reasons set forth above, I believe this court should not interfere with the judgment in favor of Denow which is not at issue on this appeal, and that in future cases this court should apply the *Powers* rule to the apportionment of negligence and should interpret the comparative negligence statute to require a comparison of plaintiff's negligence to the combined negligence of all tortfeasors.

I have been authorized to state that Mr. Justice DAY joins in this dissenting opinion.