Leonard R. KALLEMBACH, Plaintiff-
Respondent and Cross-Appellant,

v.

STATE of Wisconsin, Defendant-Appellant and
Cross-Respondent. †

Court of Appeals

*No. 84–1472. Submitted on briefs November 11, 1985.—
Decided February 20, 1986.*
(Also reported in 385 N.W.2d 215.)

† Petition to review pending. This petition was not decided at
the time the volume went to press. Its disposition will be reported in a
later volume.

For the defendant-appellant and cross-respondent the cause was submitted on the briefs of *Bronson C. La*

*Follette,* attorney general, and *Bruce A. Olsen,* assistant attorney general.

For the plaintiff-respondent and cross-appellant the cause was submitted on the briefs of *James D. Wickhem* and *Wickhem, Buell, Meier, Wickhem & Southworth, S.C.* of Janesville.

Before Gartzke, P.J., Dykman, J., and Eich, J.

GARTZKE, P.J.   The state appeals from a judgment on a verdict awarding Leonard Kallembach damages for the state's failure to construct a suitable driveway entrance to his property pursuant to sec. 86.05, Stats., as part of a highway improvement. The state argues that Kallembach's action is barred by sovereign immunity. Wis. Const. art. IV, sec. 27. The state contends that its motion for summary judgment raising this defense should have been granted and the case was improperly tried. We conclude that because the state has not consented to suit under sec. 86.05, the complaint should have been dismissed.[1] We reverse the judgment and remand with directions to dismiss the complaint.

■

Summary judgment is purely statutory. Section 802.08, Stats. The methodology employed when sec. 802.08 is invoked has been reviewed many times. *See, e.g., In re Cherokee Park Plat,* 113 Wis.2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct.App. 1983). That methodology requires an examination of the pleadings and the affidavits or other proof submitted in support of the motion for summary judgment to determine whether

---

[1] Our resolution of this issue disposes of the cross appeal from an order disallowing Kallembach his costs. We affirm that order.

an issue of fact exists and a trial is necessary. The same methodology binds both an appellate court and the trial court. *Id.*

Kallembach's complaint alleges that he owns a farm located along State Highway 81. In 1981 and 1982 the state improved the highway. As part of the improvement, the state condemned a portion of his property. As a result of the improvement, the highway grade was changed and the entrance to his property was removed. The complaint further alleges that the state failed to provide a suitable entrance to his property. We conclude that the complaint states a claim based on sec. 86.05, Stats.[2]

The state's answer denies that it removed the entrance and failed to provide a suitable entrance. It alleges that Kallembach was provided just compensation by the condemnation award for damages to his land resulting from any change of grade or failure to provide a suitable entrance and that he has not appealed from the award. The answer states a factual defense and a defense of mixed fact and law.

As grounds for its motion for summary judgment, the state asserted that sec. 86.05, Stats., provides no right of action against the state separate from the remedies prescribed by the condemnation statutes, that Kallembach has not appealed from the condemnation

---

[2] Section 86.05, Stats., provides in material part: "Whenever it is necessary, in making any highway improvement to cut or fill or otherwise grade the highway in front of any entrance to abutting premises, a suitable entrance to the premises shall be constructed as a part of the improvements; . . . ."

award, and that his complaint in this action is barred by the sovereign immunity doctrine.[3]

Three affidavits support the state's motion. An assistant attorney general's affidavit quotes from Kallembach's deposition. Kallembach testified that before the improvement he had a cement driveway. The state built a new driveway over the old one. The new driveway was unsatisfactory. He had to modify it in February or March 1981. A Department of Transportation employee avers that the condemnation award was filed November 19, 1979. Kallembach made no claim in the condemnation proceeding for damages caused by a change of grade and did not appeal the award. The highway project engineer avers that as part of the project the roadbed was shifted closer to Kallembach's land and the roadbed grade was raised. This made the slope of plaintiff's driveway steeper than it had been. Construction of the highway project was completed October 21, 1981.

At this point we consider a proposed variation from the standard summary judgment methodology. Kallembach submitted no affidavit in opposition to the state's motion for summary judgment. Because the case went to trial, and resulted in judgment in his favor, he assumes that our review extends beyond the affidavits. He relies partly on facts developed at the trial and on the jurisdictional award in the previous condemnation proceedings. He urges that we should judicially notice the jurisdictional offer and consider its contents. The proposed variation has not been briefed.

---

[3] No issue is raised regarding the state's asserting the sovereign immunity defense for the first time in its motion for summary judgment.

The state simply relies on the usual methodology when arguing that we cannot consider such evidence.

Because this appeal can be disposed of on the narrow ground of sovereign immunity, we conclude that we need not decide whether the proposed variation is acceptable. Kallembach does not suggest that evidence developed at the trial bears on the sovereign immunity issue. The affidavits submitted by the state do not affect that issue.

We note, however, that the state properly insists that we review only the order denying the state's motion for summary judgment. The order does not dispose of the entire matter in litigation as to one or more of the parties. It therefore could not have been appealed as of right. Section 808.03(1), Stats. The appeal from the final judgment brings with it all prior nonfinal orders adverse to the appellant. Section (Rule) 809.10(4), Stats. The propriety of the order is therefore before us.

We also note that this is not the first time that a plaintiff successful before a jury risks ultimate defeat for the trial court's failure to grant summary judgment to the defendant. In *Gross v. Midwest Speedways, Inc.*, 81 Wis.2d 129, 260 N.W.2d 36 (1977), the plaintiff obtained a favorable judgment following a jury trial. The defendant appealed from the judgment on the ground that its motion for summary judgment should have been granted. The *Gross* court held that the defendant had not waived the right of review and that summary judgment should have been granted. The court reversed and remanded with instructions to grant summary judgment dismissing the complaint.[4]

---

[4] The waiver issue in *Gross* arose because an order denying a motion for summary judgment was then appealable as of right. Sec-

■

We therefore turn to the sovereign immunity issue. Wisconsin Const. art. IV, sec. 27, provides, "The legislature shall direct by law in what manner and in what courts suits may be brought against the state." A procedural immunity rule that the state cannot be sued without its consent has developed from this constitutional provision. *Lister v. Board of Regents,* 72 Wis.2d 282, 291, 240 N.W.2d 610, 617 (1976). This constitutional provision is not self-executing, and has been repeatedly construed to mean that the legislature has the exclusive right to consent to a suit against the state. *St. ex rel. Teach. Assts. v. Wis.-Madison Univ.,* 96 Wis.2d 492, 509, 292 N.W.2d 657, 665 (Ct.App. 1980). "[T]here must exist *express legislative authorization* in order for the state to be sued." *Fiala v. Voight,* 93 Wis.2d 337, 342, 286 N.W.2d 824, 827 (1980) (emphasis in original).

■

No statutory authorization exists for a suit based on sec. 86.05, Stats., nor has the state consented to suit by enacting sec. 86.05. Granted, by adopting sec. 86.05 the legislature imposed a statutory duty on the state, and the duty is toothless if the state cannot be held to this duty. The mere creation of liability against the state, however, does not constitute the state's consent to an action against it. *Forseth v. Sweet,* 38 Wis.2d 676, 683–84, 158 N.W.2d 370, 373 (1968). Nor does the creation of such liability imply a consent to suit. That the state undertakes a duty "does not in any way imply

tion 274.33(3), Stats. 1973, and sec. 817.33(3)(h), Stats. 1975. Because an order denying a motion for summary judgment is no longer appealable as of right, the waiver issue does not arise in this appeal.

that the legislature has waived its immunity from suit or given legislative consent for an action against the state." *Id.* at 684, 158 N.W.2d at 374. *Compare Holzworth v. State,* 238 Wis. 63, 67–68, 298 N.W. 163, 165 (1941) (subjecting state to duties of an owner under safe place statute does not constitute state's consent to suit).

We reject Kallembach's argument that the state's consent to suit under sec. 86.05, Stats., can be implied from the just compensation clause in Wis. Const. art. I, sec. 13. Under that clause, an owner has a constitutionally mandated right to compensation for property taken by the state, and the absence of a statute providing such compensation does not bar the action. *Zinn v. State,* 112 Wis.2d 417, 437, 334 N.W.2d 67, 77 (1983). "The 'waiver' to the doctrine of sovereign immunity is found in the constitution itself and thus no legislative direction pursuant to Art. IV, sec. 27 is necessary." *Id.* at 436, 334 N.W.2d at 76.

To trigger the automatic consent to suit in Wis. Const. art. I, sec. 13, a "taking" of private property for public use must occur. *Zinn,* 112 Wis.2d at 424, 334 N.W.2d at 70; *DeBruin v. Green County,* 72 Wis.2d 464, 470, 241 N.W.2d 167, 170 (1976).

No taking is necessary under sec. 86.05, Stats. The statute applies when grading occurs during highway improvements, whether or not property has or will be taken. The state's duty under sec. 86.05 to construct a suitable entrance therefore exists independently of its duty to compensate for a taking. Moreover, the self-imposed duty on the state to construct an entrance involves an entirely different power than does condem-

nation. Section 86.05 compensates landowners for the state's exercise of its police power, *Heimerl v. Ozaukee County,* 256 Wis. 151, 156, 40 N.W.2d 564, 567 (1949), not for the state's exercise of its power of eminent domain. *Zinn, supra,* and Wis. Const. art. I, sec. 13, do not apply.

Kallembach argues that unless he is compensated for an unsatisfactory entrance he is denied equal protection of the laws because he is treated differently from landowners who receive satisfactory entrances. Kallembach cites no case holding that the right to equal protection somehow forces the legislature to consent to suit against the state. On the contrary, " 'immunity from suit is a privilege which a sovereign may waive or refuse to waive at its pleasure. No constitutional right of its residents is violated whatever its action in that regard may be.' " *Forseth,* 38 Wis.2d at 689, 158 N.W.2d at 376 (quoting *Apfelbacher v. State,* 160 Wis. 565, 577, 152 N.W. 144, 148 [1915]).

We cannot cure Kallembach's loss. The courts must apply the sovereign immunity doctrine, itself a constitutional rule, where appropriate. "[A]ny change or elimination of the sovereign immunity doctrine must come from the legislature," *Fiala,* 93 Wis.2d at 341, 286 N.W.2d at 827, rather than the courts.

Because we conclude that the state's motion for summary judgment should have been granted on the ground that the state has not consented to this suit, the judgment must be reversed.

*By the Court.*—Judgment reversed and cause remanded with instructions to enter summary judgment dismissing the complaint. Order disallowing costs to respondent affirmed.