**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**July 27, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1064**

**STATE OF WISCONSIN**

Cir. Ct. No. **2018CV228**

**IN COURT OF APPEALS**
**DISTRICT III**

MIDWEST DENTAL CARE, MONDOVI, INC.,

PLAINTIFF-CROSS-CLAIM
DEFENDANT-APPELLANT,

V.

DR. KRISTINA B. WELLE,

DEFENDANT-CROSS-CLAIM
PLAINTIFF-RESPONDENT.

APPEAL from a judgment of the circuit court for Douglas County: GEORGE L. GLONEK, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  Midwest Dental Care, Mondovi, Inc., appeals the circuit court's denial of its summary judgment motion for dismissal of a counterclaim made against it by Dr. Kristina Welle for breach of an employment contract.  Welle asserts that the appeal is frivolous and moves for an award of attorney fees.  We conclude the court properly determined that there were material questions of fact in dispute on the counterclaim warranting a trial.  However, we do not conclude the appeal was frivolous.  Accordingly, we affirm the judgment and deny the motion for attorney fees.

## BACKGROUND

¶2      Midwest Dental hired Welle as a dentist in August 2017.  The parties entered into an employment contract stating that Welle was an "at will" employee.  Upon the effective date of the contract, Midwest Dental also made a one-time payment of $20,000 to Welle in conjunction with an accompanying promissory note.  The promissory note required Welle to repay Midwest Dental the sum of $20,000 if she separated or was discharged from the employ of Midwest Dental prior to completing 4,607 hours of service.

¶3      The contract further provided that either party could terminate Welle's employment, with or without cause, upon a minimum of 120 days' written notice to the other party.  Midwest Dental retained the right to terminate Welle's employment with less than 120 days' notice.  Unless the termination was for cause, as specified in the contract, however, Midwest Dental would then be required to pay Welle an amount equal to what she would have received as compensation had she continued to perform services for Midwest Dental for the balance of the 120-day notice period.

¶4 Relevant to this appeal, the specified for-cause provisions in Article 6.1(D)(8) of the contract included the employee's failure or refusal "to perform the usual and customary duties of employment"; or to comply with "policies, directions, standards and rules established from time to time" by Midwest Dental. Duties set forth in Article 2.1 of the contract included:

> a. Professional responsibility for the diagnosis, treatment planning, and treatment of individual patient needs. Treatment outcomes are the responsibility of the Employee and are inclusive of any treatment that is delegated to auxiliaries who are supervised by Employee:
>
> b. Dedication of sufficient time to patient care in the office of Employer so as to provide proper professional care to Employer's patients assigned to Employee from time to time and to maintain smooth and timely scheduling of such patients, including completion of the Annual Work Hour Requirement as noted in Section 2.3 below;
>
> c. Exhibition of technical skill, courtesy, compassion and moral responsibility in patient care matters;
>
> … and
>
> i. Such other duties related to performance of the above duties as Employer may from time to time reasonably direct or as may be set forth in writing by Employer.

¶5 Midwest Dental terminated Welle's employment in April 2018, before she had completed the 4,607 hours of service specified in the promissory note. The termination letter stated the termination was "effective immediately in accordance with Article 6, Section D," (the "for cause" provision) but did it not identify any occurrence constituting cause under the contract.

¶6 Midwest Dental eventually filed suit, seeking repayment of the $20,000 promissory note because Welle had not completed the required hours of service. Welle filed several counterclaims, including a breach of contract claim alleging that Midwest Dental had failed to compensate her after terminating her

employment without 120 days' notice and without cause. The circuit court granted Midwest Dental judgment on its pleadings and dismissed all of Welle's claims except her breach of contract counterclaim.

¶7    On summary judgment on the remaining counterclaim, Midwest Dental asserted that the termination of Welle's employment was for cause because Welle had failed to comply with Midwest Dental's policies, directions, standards, and rules. The circuit court concluded there were material issues of fact as to whether Midwest Dental had terminated Welle's employment "legitimately" for cause or under the pretext of being for cause to avoid paying Welle compensation for lack of 120 days' notice.

¶8    Welle's breach of contract counterclaim was tried to a jury which returned a verdict in her favor. Midwest Dental now appeals the denial of its summary judgment motion on that counterclaim, although it does not challenge the sufficiency of the evidence to support the verdict.

## DISCUSSION

¶9    An appellate court may review the denial of summary judgment even after a case has been fully tried. *See Raby v. Moe*, 153 Wis. 2d 101, 108-09, 450 N.W.2d 452 (1990). It is unsettled whether we should deviate from the standard summary judgment methodology to consider evidence presented at trial, more in conformity with how the federal courts handle such motions. *See Kallembach v. State*, 129 Wis. 2d 402, 407, 385 N.W.2d 215 (Ct. App. 1986); *cf. Ortiz v. Jordan*, 562 U.S. 180, 184 (2011) (once the case proceeds to trial, the developed record supersedes the record existing at the time of the summary judgment motion). We need not address that question here, however, because we conclude the circuit court properly denied the summary judgment motion based

4

upon the materials before it during the summary judgment hearing, and Midwest Dental has not argued that any evidence presented at trial would have altered the outcome of its motion.

¶10     We therefore review the circuit court's summary judgment decision de novo, using the same methodology as the circuit court. *Water Well Sols. Serv. Grp. v. Consolidated Ins. Co.*, 2016 WI 54, ¶11, 369 Wis. 2d 607, 881 N.W.2d 285. We examine the parties' submissions in support of and in opposition to the summary judgment motion to determine whether the movant has made a prima facie case for judgment and, if so, whether there are any material facts in dispute that would entitle the opposing party to trial. *Frost v. Whitbeck*, 2001 WI App 289, ¶6, 249 Wis. 2d 206, 638 N.W.2d 325; *see also* WIS. STAT. § 802.08(2) (2019-20).[1]

¶11     Summary judgment is not appropriate when a contract is ambiguous and the parties' intent is disputed and unclear. *Chapman v. B.C. Ziegler & Co.*, 2013 WI App 127, ¶2, 351 Wis. 2d 123, 839 N.W.2d 425. Whether a contract is ambiguous is a question of law also subject to de novo review. *Id.* A contract is ambiguous when its language is objectively and reasonably susceptible to different constructions. *Id.*

¶12     Here, Midwest Dental contends there were no material facts in dispute concerning whether Welle failed "to perform the usual and customary duties of employment" and to comply with the "polices, directions, standards and

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

5

rules" established by Midwest Dental, such that her termination was for cause. Specifically, Midwest Dental contends it produced uncontroverted evidence that Welle failed to fulfill her duties by taking two to four times as much time to complete routine dental procedures as another dentist in the practice. Midwest Dental further alleges there were patient and staff complaints regarding Welle's provision of care at a substandard level. These arguments fail for several reasons.

¶13 First, the contract was ambiguous as to how fast Welle was required or expected to complete each dental procedure. The contractual duties to provide "prompt" dental care and to ensure "smooth and timely scheduling" do not provide a sufficiently specific standard to determine what length of time each procedure should take and what would constitute a violation of the contract. Nor did Midwest Dental provide Welle with any written policies or standards regarding the expected speed of various procedures.

¶14 The contract was similarly ambiguous as to how "high quality dental services" and "technical skill" were to be measured. The summary judgment materials included allegations that Welle: (1) struggled to fit crowns, resulting in nearly all of her crowns needing to be remade; (2) overly relied on extraction procedures, without having created a single denture or bridge; (3) failed to fully extract all parts of the tooth during some extractions, putting patients at risk of complications such as dry sockets and infections; and (4) left some patients with missing teeth for months between appointments without offering immediate dentures. Midwest Dental acknowledged, however, that it had no written policies or standards setting forth the expected standard of care for any of these procedures.

¶15 Midwest Dental alleged that it communicated its expectations and concerns regarding Welle's technical skills to her orally through a series of meetings with Midwest Dental's director, Dr. Paul Becker. However, Welle provided an affidavit stating that the focus of her meetings with Becker was solely on production—that is, the effect the speed at which she was completing procedures was having upon billing. Welle further asserted that Becker did not express any concern about her technical skill during those meetings, and he did not provide her with any case examples or notes of deficiency. Welle alleged that when Becker observed Welle perform a molar extraction in November 2017, he commented that he would like to have other young dentists with her surgical skills. Midwest Dental never provided Welle with any written feedback on her performance.

¶16 In addition to challenging Midwest Dental's assertion that it had orally communicated to her any company-specific policies regarding procedures, Welle disputed that she had failed to meet the general dental industry standard of care. Welle asserted that she passed the speed requirements for graduation from dental school and licensure, that her speed was improving as part of the natural learning curve for new dentists, and that the pace at which she performed procedures was within industry norms. Welle contended that the lengthy chair time for patients was in part due to the office scheduling up to six patients at a time, which forced her to move between multiple patients while performing her duties. Welle also alleged that many of the crowns she attempted to place had been prepared by another dentist or an outside laboratory, and that the root tips left in some patients were within industry standards.

¶17 In its summary judgment submissions, Midwest Dental did not identify the patients whom it alleged had received substandard care or provide any

7

clinical notes from which compliance with the dental industry standard of care for those patients could be evaluated. As a result, Welle's expert witness was not able to evaluate those claims prior to the summary judgment hearing. However, it was plain from the summary judgment materials that there was conflicting evidence as to Welle's performance as a dentist. Taken in conjunction with the ambiguity in the contractual language as to Welle's duties and how her performance was to be evaluated, the circuit court correctly determined that whether Midwest Dental had cause to terminate Welle's employment was a question of fact for the jury. We therefore affirm the denial of summary judgment on that claim.

¶18 Finally, Welle moves for an award of attorney fees, alleging that this appeal is frivolous. *See* WIS. STAT. §§ 895.044(1)(a), (5). She contends that Midwest Dental had no good faith basis in law or fact to challenge the circuit court's determination that the employment contract was ambiguous regarding what standards would be used to evaluate a termination for cause. However, Welle's argument relies heavily on evidence produced at trial. We are not persuaded that Midwest Dental's challenge to the summary judgment decision— which did not include the opinion of the expert witness Welle later produced at trial—was wholly without basis in law and fact. We therefore deny the motion for attorney fees, although Welle is entitled to costs as the prevailing party.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.