# COURT OF APPEALS
## DECISION
## DATED AND FILED

## December 13, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP61**

Cir. Ct. No. **2022CV96**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

UNITED AMERICA, LLC,

    PLAINTIFF-APPELLANT,

  V.

WISCONSIN DEPARTMENT OF TRANSPORTATION,

    DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Lincoln County: GALEN BAYNE-ALLISON, Judge. *Affirmed*.

Before Neubauer, Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. United America, LLC appeals from an order dismissing its complaint against the Wisconsin Department of Transportation (DOT) for failure to state a claim upon which relief may be granted. United America argues the circuit court erred in concluding that its claim against DOT under WIS. STAT. § 84.295 (2021-22)[1] failed as a matter of law because the statute does not create a private cause of action. For the reasons set forth below, we agree with the court's conclusion and thus affirm the order dismissing United America's complaint.

¶2    According to the complaint, United America owns commercial property at the intersection of U.S. Highway 51 and Northstar Road in Merrill, Wisconsin, on which it operates a gas station and convenience store. The intersection was formerly "at grade," meaning that motorists travelling on U.S. Highway 51 could access the property by turning off the highway onto Northstar Road. United America commenced this action pursuant to WIS. STAT. § 84.295(5) and (6) against DOT seeking damages for diminished value of its property that it alleged resulted from DOT's elimination of the at-grade intersection and construction of a bridge elevating Northstar Road over U.S. Highway 51.[2] DOT

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] WISCONSIN STAT. § 84.295(5) provides as follows:

> DESIGNATING HIGHWAYS AS FREEWAYS OR EXPRESSWAYS. Where a state trunk highway is established on a new location which is not on or along an existing public highway, and the state trunk highway is designated as a freeway or expressway no right of access to the highway shall accrue to or vest in any abutting property owner. Where a state trunk highway is on or along any highway which is open and used for travel and is designated as a freeway or expressway, reasonable provision for public highway traffic service or access to abutting property

(continued)

decided not to build on- or off-ramps off of U.S. Highway 51 in connection with the bridge project, which forced highway motorists to take a longer and indirect route to United America's gas station and convenience store.

¶3 In an earlier case, United America sued DOT to recover compensation pursuant to WIS. STAT. § 32.18 for the diminished property value caused by the bridge project. *See **United America, LLC v. DOT***, 2021 WI 44, 397 Wis. 2d 42, 959 N.W.2d 317. The Wisconsin Supreme Court rejected United America's claim under § 32.18. ***Id.***, ¶¶1, 22. After recognizing the common law

---

shall be provided by means of frontage roads as a part of the freeway or expressway development, or the right of access to or crossing of the public highway shall be acquired on behalf of the state as a part of the freeway or expressway improvement project. The occupation or use of any part of an existing public highway is authorized for the construction of a freeway or expressway. The action of the department relative to designation, layout, location or relocation of any part of a freeway or expressway shall be conclusive.

Section 84.295(6) provides in part as follows:

CONSTRUCTION OF GRADE SEPARATIONS AT INTERSECTIONS. In the furtherance of the public interest and general welfare of the state and the traveling public in the development of freeways or expressways, the department is authorized and empowered to construct grade separations at intersections of any freeway or expressway with other public highways and railroads and to change and adjust the lines of public highways and if necessary combine, relocate or extend the same to adjust traffic service to grade separation structures. The entire cost of grade separations and relocations, alterations or extensions of local roads as so determined by the department shall be a part of the construction of and financed as a part of the cost of the freeway or expressway. The department may by agreement with a county or municipality or by order summarily vacate or relocate any town, county, city or village highway as part of the construction of a freeway or expressway but shall pay any damage legally payable under existing law to any property owner directly injured by the vacation or relocation of such street or highway.

rule that "a landowner cannot recover for consequential injuries, including a diminution in property value, resulting from the exercise of state police power, such as changing a highway's grade," *id.*, ¶11, the court concluded that § 32.18 did not contain "clear, unambiguous, and peremptory language" necessary to abrogate that rule because it only permitted a claim for "damages to the lands," not diminution in value. *Id.*, ¶¶15-17 (citation omitted).

¶4  After the supreme court's decision, United America filed this complaint against DOT, asserting a claim under WIS. STAT. § 84.295(5) and (6). DOT moved to dismiss the complaint for failure to state a claim upon which relief may be granted, arguing that neither subsection of the statute under which United America sued waived sovereign immunity.[3]

¶5  The circuit court agreed with DOT that sovereign immunity precluded United America's claim.  In its oral ruling, the court concluded that WIS. STAT. § 84.295(5) and (6) did not create a private right of action, so United America had to, but could not, identify some other "existing law" that would allow its suit against DOT.  Since these provisions did not create a standalone cause of action, the court dismissed United America's complaint with prejudice.[4]  United America appeals.

¶6  The circuit court's ruling on the DOT's motion to dismiss, and its interpretation of WIS. STAT. § 84.295(5) and (6), present questions of law that we

---

[3] DOT also argued that United America's lawsuit was barred by the doctrine of claim preclusion.

[4] Because the circuit court concluded that DOT was immune from suit, it declined to address DOT's argument regarding claim preclusion.

4

review independently of the circuit court and without any deference to its conclusions. *See Evers v. Sullivan*, 2000 WI App 144, ¶5, 237 Wis. 2d 759, 615 N.W.2d 680.

¶7 "Sovereign immunity derives from article IV, section 27 of the Wisconsin Constitution." *Koshick v. State*, 2005 WI App 232, ¶6, 287 Wis. 2d 608, 706 N.W.2d 174. Article IV, section 27 of the Wisconsin Constitution provides, "[t]he legislature shall direct by law in what manner and in what courts suits may be brought against the state." For the purpose of sovereign immunity, "[a] suit against a state agency [such as DOT] constitutes a suit against the State." *PRN Assocs. LLC v. DOA*, 2009 WI 53, ¶51, 317 Wis. 2d 656, 766 N.W.2d 559. "If the legislature has not specifically consented to the suit, then sovereign immunity deprives the court of personal jurisdiction over the State, assuming that the defense has been properly raised." *Id.* In other words, "[t]here must exist *express legislative authorization* in order for the state to be sued." *Kallembach v. State*, 129 Wis. 2d 402, 408, 385 N.W.2d 215 (Ct. App. 1986) (citation omitted).

¶8 To determine whether the State expressly consented to be sued under WIS. STAT. § 84.295(5) and (6) for diminution of property value, we must examine those statutory provisions. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. "[S]tatutory interpretation 'begins with the language of the statute.'" *Id.*, ¶45 (citation omitted). "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.* The context and structure of a statute are also important to the meaning of a statute. *Id.*, ¶46. "[S]tatutory language is interpreted in the context

in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.* If, after this process, the statutory meaning is clear, "'then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning.'" *Id.* (citation omitted).

¶9 WISCONSIN STAT. § 84.295(5) provides that when the State uses its authority to designate highways as freeways or expressways, "reasonable provision for public highway traffic service or access to abutting property shall be provided by means of frontage roads as a part of the freeway or expressway development" or that "the right of access to or crossing of the public highway shall be acquired on behalf of the state." No words in this statute establish a cause of action for damages.

¶10 WISCONSIN STAT. § 84.295(6) addresses DOT's authority to construct grade separations at intersections. This subsection provides that the DOT "shall pay any damage legally payable under existing law to any property owner directly injured by the vacation or relocation of such street or highway." *Id.* This language makes clear that the grant of authority to the DOT to relocate and vacate local streets and highways does not eliminate an existing cause of action when the State's actions in doing so directly injure a property owner. Subsection 84.295(6) merely recognizes that to the extent other "existing law" provides a cause of action, an injured property owner may recover damages caused by the vacation or relocation.

¶11 As the State correctly argues, these statutes are plain and unambiguous. While the statutes grant the State authority to act in the public interest, they do not create an independent cause of action for damages. Neither

contains the "clear and definite language of consent to suit" necessary to waive sovereign immunity. *See **Townsend v. Wisconsin Desert Horse Ass'n***, 42 Wis. 2d 414, 421, 167 N.W.2d 425 (1969).

¶12    As but one example of a clear waiver, the State cites WIS. STAT. § 88.87(2)(c), a contrast which is persuasive.  Section 88.87(2)(c) provides that if the DOT "constructs and maintains a highway or railroad grade not in accordance with" § 88.87(2)(a),[5] any injured property owner may file a claim within three years, and if the claim is denied or not acted upon within ninety days, "the property owner may bring an action in inverse condemnation under [WIS. STAT.] ch. 32 or sue for such other relief, other than damages, as may be just and equitable."  Section 88.87(2)(c) is an "existing law" that gives a cause of action for certain specified relief against DOT to a property owner injured as the direct result of a DOT highway construction project.

---

[5] WISCONSIN STAT. § 88.87(2)(a) states as follows:

> Whenever any county, town, city, village, railroad company or the department of transportation has heretofore constructed and now maintains or hereafter constructs and maintains any highway or railroad grade in or across any marsh, lowland, natural depression, natural watercourse, natural or man-made channel or drainage course, it shall not impede the general flow of surface water or stream water in any unreasonable manner so as to cause either an unnecessary accumulation of waters flooding or water-soaking uplands or an unreasonable accumulation and discharge of surface waters flooding or water-soaking lowlands.  All such highways and railroad grades shall be constructed with adequate ditches, culverts, and other facilities as may be feasible, consonant with sound engineering practices, to the end of maintaining as far as practicable the original flow lines of drainage.  This paragraph does not apply to highways or railroad grades used to hold and retain water for cranberry or conservation management purposes.

¶13    Indeed, WIS. STAT. § 88.87(2) further illustrates our conclusion that WIS. STAT. § 84.295(5) and (6) do not provide an independent cause of action because § 88.87(2)(c) expressly provides a specific procedure for making a claim "with the appropriate governmental agency or railroad company" and then, if necessary, commencing an inverse condemnation action. This language constitutes an express waiver of sovereign immunity which is wholly absent from § 84.295(5) and (6).

¶14    United America's reliance on *Seefeldt v. DOT*, 113 Wis. 2d 212, 336 N.W.2d 182 (Ct. App. 1983), is unavailing. In that case, DOT acted pursuant to WIS. STAT. § 84.295(5) in upgrading a highway, but the property owner's claim was for a partial taking. *Seefeldt*, 113 Wis. 2d at 213-14. WISCONSIN STAT. § 32.09 permits a property owner to recover compensation and other damages in connection with a partial taking. *See Hoffer Props., LLC v. DOT*, 2016 WI 5, ¶¶36, 40, 366 Wis. 2d 372, 874 N.W.2d 533 (recognizing that language in § 84.295(5) required DOT to pay compensation pursuant to § 32.09, which were the statutes at issue in *Seefeldt*).

¶15    In sum, since WIS. STAT. § 84.295(5) and (6) do not provide for a separate right of action, and United America cites to no other law that permits it to seek damages based on the allegations in its complaint, the complaint fails to state a claim upon which relief may be granted, and the circuit court correctly dismissed the complaint with prejudice on that basis.[6]

---

[6] DOT also argues that claim preclusion applies to United America's claims. We need not address this argument as our decision on sovereign immunity is dispositive. *See Barrows v. American Fam. Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.